STATE of Missouri, Respondent,

v.

Garry Carl WHITE, Appellant.

Nos. 49869, 50772.

Missouri Court of Appeals,
Eastern District,
Division One.

June 3, 1986.

David C. Hemingway, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for the State.

CARL R. GAERTNER, Presiding Judge.

Charged with the offense of robbery, second degree, a class B felony, sec. 569.-030, RSMo.1978, as a prior offender by reason of conviction of a robbery on March 14, 1975, found guilty by a jury of stealing without consent, a misdemeanor, and by the court of being a persistent offender by reason of the above robbery conviction and two other robbery convictions in 1972, sentenced by the court as a persistent offender to one year in the St. Louis County Department of Justice Services for the offense of stealing over $150.00, a class C felony, later amended, nunc pro tunc, to stealing, third offense, a class C felony, sec. 570.040, RSMo.1978, defendant appeals.

This procedural labyrinth had its origin in what appeared to be a simple case of shoplifting. Defendant was observed placing hair care products into a plastic bag. He was apprehended by store employees near an exit and a scuffle ensued. By information alleging that he "forcibly stole hair shampoo and hair treatment materials" he was charged with the offense of robbery second degree, a class B felony, sec. 569.030. An amended information added to this charge an allegation that defendant was a prior offender, sec. 558.016.2, RSMo.Cum.Supp.1984, by reason of his conviction on March 14, 1975 of the felony of robbery first degree. With no further pleading, the state introduced evidence of this robbery conviction plus convictions of two other robberies in 1972. On the basis of this evidence the trial court found defendant to be a persistent offender. sec. 558.016.3, RSMo.Cum.Supp.1984. At trial, the state introduced no evidence regarding the value of the merchandise. Defendant testified that he had picked up about $12.00 worth of hair products but denied attempting to steal them. He was incensed over the fact that the police had been told by store employees the value of the products was $40.00. He admitted the three prior robbery convictions.

In Instruction No. 6 the trial court instructed the jury to find defendant guilty of robbery second degree if they believed he used physical force to overcome resistance to his keeping the hair care products. MAI–CR2d 23.04. The court also gave Instruction No. 8, MAI–CR2d 24.01.1 in the following form:

## INSTRUCTION NO. 8

If you do not find the defendant guilty of robbery in the second degree, you must consider whether he is guilty of stealing without consent.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 22, 1984, in the County of St. Louis, State of Missouri, the defendant appropriated hair care products owned by National Food Stores and without their consent,

Second, that the defendant appropriated such property for the purpose of withholding it from the owner permanently,

then you will find the defendant guilty of stealing without consent.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The issue of punishment was not submitted to the jury under either of the verdict directing instructions. The jury found

defendant guilty of stealing without consent as submitted in Instruction No. 8.

At the time of oral argument of defendant's motion for new trial, the assistant prosecuting attorney argued that the defendant had been found guilty of a felony. Defendant's attorney contended that Instruction No. 8 was a "misdemeanor stealing instruction in which jury sentencing was waived." At the conclusion of these arguments of counsel, the trial court stated "yes, and I have decided I am going to find it to be a felony since it was the third stealing offense." He thereupon pronounced judgment as follows:

> Well, on the finding of guilty to stealing without consent, which I have decided is a felony, rightly or wrongly I've decided that's a felony, and I'm going to, to sentence you to serve one year in the custody of the Department of Justice Services of St. Louis County.

Further compounding the confusion, the formal judgment entered and signed by the trial judge, stated defendant had been found guilty of stealing over $150.00, a class C felony. Six months later the Attorney General filed a motion seeking a nunc pro tunc correction of this judgment "to reflect that the defendant was found guilty and sentenced to stealing—third offense." The trial court sustained this motion and ordered that the words "stealing over $150.00, a class C felony" be deleted, and the words "stealing without consent, a class C felony" be substituted therefor. Defendant has appealed from both judgments.

■ It is axiomatic that a defendant may not, within the confines of due process, be charged with one offense, or with one form of an offense, and convicted of another. *State v. White*, 431 S.W.2d 182, 186 (Mo.1968). This principle is not violated where a defendant is convicted of a lesser offense, the elements of which are totally included within the proof of the offense charged. Thus, because robbery is forcible stealing, a defendant charged with

the offense of robbery is put on notice that he may be convicted of the lesser offense of stealing.[1] However, stealing, third offense, as proscribed by sec. 570.040, is not an offense necessarily included in a charge of robbery because of the additional element, the previous convictions of stealing. The amended information under which this case was tried charged only one prior conviction. Defendant was never charged with a violation of sec. 570.040, stealing third offense.

■ This conclusion is unaffected by the trial court's finding that defendant was a persistent offender based upon the evidence of three prior robbery convictions. This finding was made in contravention of the prerequisite of sec. 558.021.1(1) that the indictment or information "pleads all essential facts warranting a finding that defendant is a . . . persistent offender." The procedural requirements of sec. 558.021, have been "enacted to ensure the due process predicate for an enhanced punishment," *State v. Davis*, 663 S.W.2d 301, 304 (Mo. App.1983), (citing *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967)). This constitutional due process requirement explains the absence of any rule of criminal procedure comparable to the automatic amendment provision of Civil Rule 55.33(b). In the absence of any amendment to the information in this case, the persistent offender finding was a nullity.

MAI–CR2d 24.02.1 is the pattern instruction for the submission of the offense of stealing without consent. Paragraph Third of this instruction is intended to submit to the jury the issue regarding whichever subsection of sec. 570.030.2, elevating stealing from a misdemeanor to a felony, might be supported by the evidence. In the instant case, the evidence did not invoke any of these felony provisions. Accordingly, Paragraph Third was omitted from Instruction No. 8. Under the circumstances of this case the result of this omission is that

---

**1.** For this reason we reject defendant's contention that his prior robbery convictions do not

constitute prior convictions of stealing.

Instruction No. 8 constituted a submission of misdemeanor stealing, sec. 570.030.-2(3)(i); MAI–CR2d 24.02.1, Notes on Use 4. The same instruction with the omission of Paragraph Third is also the proper form in which to submit the felony of stealing third offense, sec. 570.040, because the evidence of the prior stealing convictions is not to be heard by the jury. However, in the instant case we cannot construe Instruction No. 8 as submitting that offense because defendant was not charged by indictment or information with a violation of sec. 570.040, or with having two prior stealing convictions. "[A]ny conviction for a crime not charged or necessarily included in the underlying indictment or information is a nullity.... A court is without jurisdiction to try a person for an offense unless the offense has been charged by information or indictment." *State v. Handley*, 585 S.W.2d 458, 461 (Mo. banc 1979).

■ Section 557.036.2(2), RSMo.Cum. Supp.1984, provides for the court to instruct the jury as to the range of punishment and for the jury, after a finding of guilt, to assess and declare the punishment as a part of the verdict unless the state pleads and proves that defendant is a prior offender, persistent offender or dangerous offender as defined in sec. 558.016. This statutory definition of these three classes of offenders is, by its very terms, applicable only to one who has pleaded guilty to or has been found guilty of a class B, C or D felony. Accordingly, since Instruction No. 8 must be viewed as a submission of misdemeanor stealing, it was error not to include the range and assessment of punishment in the instruction. Because of this error we are unable to simply remand the case for entry of a proper judgment of conviction of misdemeanor stealing and for resentencing.

■ Nor can we accredit defense counsel's motion for new trial argument regarding waiver of assessment of punishment by the jury. The fact that confusion and disagreement over whether Instruction No. 8

submitted misdemeanor stealing or stealing, third offense, continued even at the motion for new trial stage clearly indicates her attempted waiver was an afterthought. Because sec. 557.036.2(1), RSMo.Cum.Supp. 1984, requires a request for court assessment of punishment to be made in writing and before voir dire, defense counsel's obvious effort to salvage what she perceived to be a good result for her client was belated and unavailing.

Accordingly, the judgment of conviction of stealing without consent, a class C felony, is reversed and the cause is remanded for a new trial on all issues.[2] *State v. Tate*, 657 S.W.2d 727, 729 (Mo.App.1983). Defendant's appeal from the nunc pro order is dismissed as moot.

SMITH and SNYDER, JJ., concur.

**2.** It should be noted that the verdict of the jury effectively acquitted defendant of robbery, second degree.