**STATE of Missouri, Respondent,**

v.

**Dwane E. MEEKS, Appellant.**

**No. WD38934.**

Missouri Court of Appeals, Western District.

Aug. 4, 1987.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

Albert Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

TURNAGE, Presiding Judge.

Dwane E. Meeks was charged with First Degree Robbery, § 569.020, RSMo 1986, as a prior offender, § 558.016, RSMo 1986. The jury returned a verdict on the lesser included offense of Stealing without Consent, § 570.030, RSMo 1986, a misdemeanor, § 570.030.3. The court sentenced Meeks to one year imprisonment. On appeal, Meeks contends that he was entitled to be sentenced by the jury, rather than the court; the state concedes Meeks' point.

Reversed and remanded.

The court undertook to sentence Meeks in apparent reliance on § 557.036.2(2), RSMo 1986, which provides that the court, rather than the jury, shall sentence prior offenders, as defined in § 558.016. However, since Meeks was only found guilty of a misdemeanor, rather than a felony, § 557.036.2(2) was not applicable. *State v. White*, 710 S.W.2d 934, 937 (Mo.App.1986); *cf.* MAI–CR3d § 304.08, Note 4 (although MAI–CR2d was used in this case, MAI–CR3d § 304.08 is also based on the applicable statutes; it provides that if a misdemeanor offense is submitted as a lesser included offense in a case where a defendant is charged with a felony as a prior offender, the jury should ordinarily determine the punishment for the misdemeanor).

Meeks should have been sentenced by the jury. § 557.036.2.

Consequently, this court must remand Meeks' case for a new trial. *State v. White*, 710 S.W.2d at 937.

Since Meeks has already been acquitted on the First Degree Robbery charge, double jeopardy law dictates that he cannot be tried on that same charge again. *State v. Johnson*, 598 S.W.2d 123, 125 (Mo. banc), *cert. denied*, 449 U.S. 1067, 101 S.Ct. 795, 66 L.Ed.2d 611 (1980). Therefore, the submission must be limited to Stealing without Consent.

The judgment is reversed and this cause is remanded for new a trial on all issues on the charge of Stealing without Consent.

All concur.