STATE of Missouri, Respondent,

v.

**Dixie Ann HOBOKIN, Appellant.**

No. 70762.

Supreme Court of Missouri,
En Banc.

April 18, 1989.

---

L.R. Magee, Kansas City, for appellant.

David A. Dolph, Office of the Pros. Atty., Platte City, for respondent.

COVINGTON, Judge.

In a court-tried case, Dixie Ann Hobokin was convicted of making a false bomb report, § 575.090, RSMo 1986, and sentenced to fifteen days in jail.

On appeal, Dixie Hobokin challenges the sufficiency of the evidence to support the conviction of the charge of making a false bomb report. She also contends that § 575.090 is unconstitutionally overbroad in regulating speech. The judgment is affirmed.

The facts are not in dispute. At trial the state presented three witnesses. Kimberly Lucas, the guest service manager at the Holiday Inn located near Kansas City International Airport in Platte County, testified that on February 24, 1988, she was working at the front desk in the temporary absence of the regular desk clerk. She received a telephone call on an inside line. The caller stated: "There is a bomb threat in your hotel." Ms. Lucas recognized the voice of the caller, and, although she did not at that moment remember the caller's name, she immediately visualized the caller whom she ultimately identified as Ms. Hobokin. In court Ms. Lucas identified the defendant as the person who made the call.

Katherine Guthier, a front desk clerk for the hotel, testified that at approximately 11:00 a.m. she was in the break room with the defendant and two other individuals. She heard the three talking, heard the words "bomb threat" and "a lot of giggles." When she returned to the front desk, she was told by Ms. Lucas that "we'd had a bomb threat." About 11:30 a.m., Ms. Guthier received a telephone call from a female whose voice she recognized as being

that of the defendant who said, "There really is a bomb threat in your hotel."

Sonja Kerns, a housekeeper at the Holiday Inn, testified that the defendant indicated to Ms. Kerns that the defendant and another co-worker decided to "call for a bomb threat" in the hope of gaining some overtime.

At the close of the state's evidence the defendant moved for acquittal.

As her sole challenge to the sufficiency of the evidence to support the conviction, the defendant contends that she merely repeated the "general news" of a bomb threat and did not state that there was actually a bomb in the hotel. Defendant appears to claim that her conduct was not prohibited by the statute. As framed by the defendant, the question is whether, within the terms and purposes of the statute, making a false report that there is a bomb threat is tantamount to making a false report that a bomb has been placed.

Section 575.090.1 reads: "A person commits the crime of making a false bomb report if he knowingly makes a false report or causes a false report to be made to any person that a bomb or other explosive has been placed in any public or private place or vehicle." Making a false bomb report is a class A misdemeanor. § 575.090.2.

This case involves construction of a criminal statute, which must be strictly construed against the state. The court must also, however, interpret the intent of the legislature in enacting the statute under consideration. The rule of strict construction does not require that the court ignore either common sense or evident statutory purpose. *State v. Ballard,* 294 S.W. 2d 666, 669 (Mo.App.1956).

It is evident that the purpose of § 575.090 is to guard against the inconvenience and alarm that may be occasioned by making a false report to members of the public. *See, e.g.,* Model Penal Code § 250.3 comment, Model Penal Code and Commentaries, Official Draft and Revised Comments, Vol. 3, at 356 (1980).

Having identified the purpose of the enactment, it remains simply to hold that the

78

defendant's conduct is embraced within the terms and purposes of the statute. Defendant asserts that she communicated no personal knowledge of the actual presence of a bomb, but, rather, reported a bomb threat. Defendant's assertion, however, ignores the obvious. The inconvenience and alarm that may be caused by circulating a false report of a bomb threat is indistinguishable from that which may be caused by circulating a false report of the placement of a bomb. The rule of strict construction is not violated by according the language used by the legislature its full meaning in support of the policy and aim of the statute. Defendant's conduct is clearly within the terms and purposes of the statute.

■ Defendant also challenges the constitutionality of § 575.090. In the trial court, without facts or specificity, she attacked the statute as being overbroad in violation of the First Amendment of the U.S. Constitution in that the statute could be applied to "idle conversation." To rebut the presumption of constitutionality, the defendant must clearly and specifically state the grounds for her objection. *State v. Devoe*, 430 S.W.2d 164, 166–7 (Mo.1968). Defendant has not preserved the question for appellate review.

The judgment is affirmed.

All concur.