STATE of Missouri, Respondent,

v.

Jerrol Allen OLSON, Appellant.

No. WD 43453.

Missouri Court of Appeals,
Western District.

March 26, 1991.

Charles W. Franklin, Columbia, for appellant.

Gary G. Sprick, Pros. Atty., Fayette, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

PER CURIAM.

A jury found Jerrol Allen Olson guilty of driving while intoxicated in violation of § 577.010, RSMo 1986. The court sentenced him as a prior offender pursuant to § 577.023.1(3), RSMo 1986, to confinement for one year in the county jail. On appeal Olson disputes being charged as a prior offender. The state has not favored this court with a respondent's brief.

Olson presents no challenge to the sufficiency of the evidence. On November 18, 1989, a deputy sheriff stopped Olson's car and ticketed him for driving while intoxicated, second offense. A subsequently-filed information charged Olson with driving while intoxicated, a class B misdemeanor under § 577.010.2. On the day of trial, April 16, 1990, the state filed an amended information charging Olson as a prior offender with the class A misdemeanor of driving while intoxicated under enhancement provisions of § 577.023.2. The amended information further alleged that Olson had pleaded guilty on April 10, 1985, to a driving while intoxicated offense which occurred in 1984. In spite of Olson's objection to being charged as a prior offender, the trial court allowed the filing and admitted the state's proof and found Olson to be a prior offender. The jury was instructed on the elements of driving while intoxicated as set forth in § 577.010.1, but was neither advised on the range of punishment nor asked to determine the sentence. After the guilty verdict, the trial court set Olson's sentence at one year's confinement, the maximum punishment for a class A misdemeanor.

■ Olson argues that the trial court erred in trying him as prior offender pursuant to § 577.023. A "prior offender," as defined in § 577.023.1(3), "is one who has pleaded guilty to or has been found guilty of an intoxication related traffic offense *within five years* of a *previous* intoxication related traffic offense *conviction.*" (Emphasis added.) The plain language of the "prior offender" definition requires that the defendant either plead guilty to or be found guilty of an intoxication-related traffic offense within five years of a previous conviction for the same type of offense. *State v. Evers*, 777 S.W.2d 344, 345 (Mo.App.1989); *State v. Conz*, 756 S.W.2d 543, 545 (Mo.App.1988). As long as the current intoxication related traffic offense can be brought to a conclusion, by plea or finding of guilt, within five years of a previous offense, the defendant may be charged as a prior offender. *State v. Evers, supra*, at 345.

■ The prior offender provisions of § 577.023 are unavailable in Olson's case. His prior guilty plea to DWI occurred on April 10, 1985; this jury found him guilty of his second DWI offense on April 16, 1990, the same day as the filing of the amended information. More than five years had elapsed between the two DWI convictions. Olson was no longer subject to being charged or tried as a prior offender after April 10, 1990.

■ The erroneous finding of prior offender status resulted in prejudicial error in two respects. The application of § 577.023.2 enhanced Olson's punishment for his DWI conviction under § 577.010 from a class B misdemeanor to a class A misdemeanor. Under § 577.023.12, the trial court, not the jury, assessed and declared Olson's punishment. Because of the inapplicability of § 577.023, the sentence fixed by the court under § 577.023.12 is void. The jury should have assessed the punishment. *See State v. Myers*, 470 S.W.2d 803, 805 (Mo.App.1971); *see also State v. Meeks*, 734 S.W.2d 282, 283 (Mo. App.1987). However, the error in charging Olson as a prior offender does not invalidate the underlying DWI charge. *See State v. Pfeifer*, 544 S.W.2d 317, 321 (Mo. App.1976). Olson is, nevertheless, entitled to retrial by a jury on the charge of driving while intoxicated, a class B misdemeanor, pursuant to § 577.010, and if subsequently found guilty, he should have the jury in-

structed on sentencing. *See Meeks*, 734 S.W.2d at 283.

The judgment is reversed and the cause is remanded for new trial.