STATE of Missouri, Respondent,

v.

David E. BRIEGEL, Appellant.

No. WD 45868.

Missouri Court of Appeals, Western District.

Nov. 8, 1994.

Robert G. Duncan, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of driving while intoxicated. The offense was committed on May 18, 1991. The conviction was on December 9, 1991.

Defendant was charged as a persistent offender (Section 577.023.1(2)), RSMo Supp. 1991, and as a prior offender (Section 577.023.1(3) RSMo Supp.1991). The allegations of the amended information, and the proof at trial, were that defendant had been twice convicted of intoxication-related traffic offenses before his May 18, 1991 commission of the offense for which he was now charged and on trial. The two previous convictions had occurred respectively on September 20, 1983 (date of offense: June 18, 1983); and February 14, 1990 (date of offense: July 15, 1989).

The penalty was not submitted to the jury. On proof of the two prior offenses and convictions noted in the preceding paragraph, the court found the defendant to be a persistent offender (Section 577.023.1(2)) and assessed the punishment as for a class D felony, see Section 577.023.13, and sentenced the defendant to five years' imprisonment.

Under *State v. Stewart,* 832 S.W.2d 911, 913 (Mo. banc 1992), and under the allegations and the proof in this case, the defendant could not be a persistent offender, for persistent offender status requires allegation and proof of three previous intoxication-related traffic offense convictions, all within a ten-year period, *i.e.,* "two or more … committed at different times within ten years of a previous intoxication-related traffic offense conviction." [1] In this case, of course, only two such previous convictions were alleged and proved.

The reasoning of *State v. Stewart* would lead to the conclusion that, in order to be a prior offender (Section 577.023.1(3)), two convictions before the present offense or conviction must be proved, and the earlier one must have occurred within five years of the later one. In defendant's case, the earlier offense and conviction took place more than five years before the later one.[2] Therefore, neither the allegations nor the proof brought defendant within prior offender status.

1. Section 577.023 has since been amended to require only two previous qualifying convictions for persistent offender status, and one for prior offender status. Section 577.023.1(2) and (3), RSMo Cum.Supp.1993.

2. See footnote No. 1.

This left only driving while intoxicated, section 577.010, RSMo1986, which was a class B misdemeanor. The punishment should have been submitted to the jury under proper instructions. In our initial consideration of this appeal, we reversed the conviction and remanded the case for a new trial.

■ The attorney-general, in his motion for rehearing, argued, on the basis of *State v. Cobb*, 875 S.W.2d 533 (Mo. banc 1994), that the case should be remanded to allow the State to prove other previous convictions of intoxication-related traffic offenses, if it has any. We overruled the motion for rehearing. The Supreme Court, on motion to transfer, ordered transfer, then re-transferred with directions to us to reconsider the decision in the light of *State v. Cobb*. We have done so, and now remand the case to the trial court. If the State amends the information [3] and proves other intoxication-related traffic offense convictions which would bring defendant within prior offender status or persistent offender status, the court may proceed to sentence defendant, and defendant's conviction is affirmed. If an amended information and the proof does not show the defendant to have been a prior or persistent offender, the conviction is reversed and a new trial ordered.

■ In *State v. Cobb*, the defendant's DWI conviction was affirmed, *Id.* at 537, but in this case we can affirm only conditionally. If the State failed in *Cobb*, upon remand, to allege and show other convictions to bring defendant within persistent offender status, still no new trial would be required, for defendant was admittedly a prior offender and therefore subject to sentence by the court. In this case, defendant is not shown to be a prior offender, and if the State fails to plead and prove facts showing his prior offender or persistent offender status, defendant is entitled to a new trial. He is entitled to have his punishment submitted to the jury upon proper instructions, and to have the jury assess and declare his punishment as a part of their verdict. Failure to submit punishment to the jury where it should have been submitted entitles the defendant to a new trial. *State*

*v. Olson*, 806 S.W.2d 111 (Mo.App.W.D.1991); *State v. Meeks*, 734 S.W.2d 282 (Mo.App. W.D.1987); *State v. Myers*, 470 S.W.2d 803 (Mo.App.1971). There is no authority for a new trial of a criminal case on the issue of punishment only. Of course, the problem may be obviated by the State's bringing forward other convictions upon remand, which would authorize the court to assess the punishment.

All concur.

---

3. The amendment may be made only with leave of the trial court, and we venture no opinion, of course, as to how the court should rule upon the State's motion for leave to amend.