STATE of Missouri, Respondent,

v.

Robert JONES, Appellant.

Robert JONES, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 64766, 66211.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 18, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1995.

Matthew J. O'Connor, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for State of Missouri.

WHITE, Judge.

Defendant was charged by information with stealing a toolbox and tools. The information also alleged defendant had two prior robbery convictions. Defendant was tried by a jury and convicted of stealing, third offense, § 570.040 RSMo 1986. The trial court sentenced defendant as a prior and persistent offender to fifteen years imprisonment. §§ 558.016 and 557.036.4 RSMo Cum.Supp. 1991. Defendant appeals the judgment entered on this conviction. He also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We reverse.

■ Defendant raises five points on appeal. We find his first point dispositive. Defendant argues the trial court erred in overruling his motion for acquittal based on the State's failure to prove the elements of stealing, third offense, § 570.040, as alleged in the information. Defendant's claim, reduced to its simplest terms, is prior robbery convictions cannot be used to support a conviction for stealing, third offense under the statute.

■ In determining the validity of defendant's point, this court must view the evidence in the light most favorable to the State and accept all legitimate inferences fairly deducible therefrom tending to support the verdict and reject contrary and contradictory evidence. *State v. Hollis,* 800 S.W.2d 69 (Mo.App.S.D.1990). However, resolution of this appeal centers around the interpretation of a criminal statute, specifically § 570.040. It is well settled in Missouri criminal statutes must be construed strictly against the State and liberally in favor of the defendant. *State v. Hobokin,* 768 S.W.2d 76, 77 (Mo. banc 1989). A criminal statute will not be interpreted as embracing any but those acts or omissions clearly described in the statute both within the letter and spirit of the law. *State v. Fredrickson,* 689 S.W.2d 58, 61 (Mo.App.E.D.1984). "No person may be made subject to a criminal statute by guesswork or mere implication and a criminal statute may not be held to include offenses or persons other than those clearly described and provided for within both the spirit and the letter of the statute." *Id.* Any doubt as to whether the act charged and proved is embraced within the prohibition must be resolved in favor of the accused. *Id.* It is the duty of the legislature, and not the courts, to define a crime and ordain its punishment. *Id.*

The plain words of § 570.040.1 provide "[e]very person who has been previously convicted of *stealing* two times, and who is subsequently convicted of stealing is guilty of a class C felony and shall be punished accordingly." (emphasis added). Defendant argues it is clear from the language of the statute the legislature did not intend for prior robbery convictions to be used to support a conviction for stealing, third offense. Rather, defendant asserts, the legislature intended only to upgrade the punishment for stealing from a misdemeanor to a felony for individuals who had been convicted of *stealing* three times and thereby deter the habitual petty thief who had escaped on previous occasions with only minimal punishment for his crimes.

The State, however, argues robbery is essentially "forcible stealing" and, as such, is

the type of crime contemplated by the statute. The only case cited by the State in support of its contention prior robbery convictions constitute prior convictions of stealing for purposes of § 570.040 is *State v. White*, 710 S.W.2d 934, 936 n. 1 (Mo.App. E.D.1986). In *White*, the defendant was observed placing hair care products, valued at approximately $12.00, into a plastic bag. The defendant was apprehended by store employees near the store's exit and a scuffle ensued. He was charged with the offense of robbery, second degree, a class B felony, § 569.030, RSMo 1978. He was also charged as a prior offender by reason of a prior robbery conviction on March 14, 1975. *Id.* at 935. A jury found the defendant guilty of stealing without consent, a misdemeanor. Despite the jury's verdict, the trial court entered judgment which found the defendant was guilty of stealing over $150.00, a class C felony. The court sentenced him as a persistent offender by reason of the March 14, 1975 robbery conviction and two other robbery convictions in 1972. *Id.* Six months later the Attorney General filed a motion seeking a *nunc pro tunc* correction of the judgment to reflect the defendant was found guilty of stealing, third offense, a class C felony, § 570.040 RSMo 1978. *Id.* at 936. The trial court sustained this motion and ordered the words "stealing over $150.00, a class C felony" be deleted, and substituted the words "stealing without consent, a class C felony." *Id.*

In a footnote in *White* this court rejected, without further discussion, the defendant's argument his prior robbery convictions did not establish prior convictions of stealing for purposes of § 570.040. *Id.* at 936 n. 1. However, the determinative issue in *White* upon which the defendant's conviction for stealing without consent was reversed was substantially different than the issue presented here. In *White*, the amended information under which the case was tried charged only one prior conviction and the defendant was never charged with a violation of § 570.040, stealing third offense. Thus, the trial court's finding the defendant was a persistent offender based upon the evidence of three prior robbery convictions, was made in contravention of § 558.021.1(1) RSMo Cum.Supp. 1984 which requires an indictment or information plead "all essential facts warranting a finding that the defendant is a ... persistent offender...." Accordingly, the defendant's conviction of stealing without consent was reversed and this court specifically stated it was dismissing as moot the defendant's appeal from the *nunc pro tunc* order amending his conviction to stealing, third offense. *Id.* at 937.

We give effect to the legislature's intent by looking to the clear language of the statute. *State v. Sweeney*, 701 S.W.2d 420, 423 (Mo. banc 1985). The clear import of § 570.040 is to require two prior stealing convictions to trigger the statute, *not* two robbery convictions as the State asserts. If the legislature had intended for prior robbery convictions to be used to support a conviction for stealing, third offense, it could have incorporated such a provision in § 570.040. The fact such a provision was not incorporated into the statute indicates the legislature did not intend such a result. *State v. Gray*, 887 S.W.2d 369, 376 (Mo. banc 1994).

Additionally, we note § 570.040's predecessor, § 560.161.3, specifically applied only to prior *misdemeanor* convictions. It provided:

Every person who has been previously convicted of larceny or of stealing *as defined in subdivision (1) of subsection 1,* three times, and who is subsequently convicted of stealing *within the meaning of this section,* is deemed guilty of a felony regardless of the value of the stolen property, and shall be punished as provided by subdivision (2) of subsection 1. (emphasis added).

Section 560.161.1(1) restricted the application of § 560.161.3 to instances in which the prior larceny or stealing convictions involved property valued at less than fifty dollars and had been punished "by a fine of not more than one thousand dollars or by imprisonment in the county jail for not more than one year or by both such fine and imprisonment." If a person under § 560.161.3 had three such prior convictions and subsequently received a fourth conviction for stealing, the person would be guilty of a felony and punished accordingly under § 560.161.1(2).

We recognize there is not a similar provision in § 570.040, however, the comment to

§ 570.040 reflects the statute was intended to correspond to § 560.161.3 "except that it provides for a felony penalty for the *third* offense of stealing...." Thus, we believe the language in § 560.161.3 evidences the legislative intent to provide a specific and exclusive punishment for a petty thief, three times convicted, who had received minimal punishment for each conviction. We note a person previously convicted of first degree robbery, a class A felony, has already been subject to a minimum of ten years imprisonment. In contrast, a person with a prior conviction of stealing, a class A misdemeanor, may have been released without any incarceration and could not have been sentenced to more than one year in the county jail.

Because we find defendant's two prior robbery convictions do not constitute prior stealing convictions for purposes of § 570.040, his conviction for a class C felony of stealing, third offense cannot stand. However, we note the jury did find defendant guilty of stealing, a class A misdemeanor. The maximum penalty for a class A misdemeanor is one year. We reverse and remand for resentencing purposes.

SMITH, P.J., and PUDLOWSKI, J., concur.