STATE of Missouri, Respondent,

v.

Robert C. NESBITT,
Defendant/Appellant.

No. ED 92407.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 2009.

Ellen H. Flottman, Columbia, MO, for appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Robert Nesbitt, appeals the judgment entered by the Circuit Court of St. Louis County following his convic-

tion by a jury on three counts of forgery, in violation of section 570.090 RSMo. (Supp.2008).[1] The trial court sentenced the defendant as a persistent offender to enhanced sentences of ten years' imprisonment on each count, to be served concurrently. Because the State filed a superseding indictment that failed to charge the defendant as a persistent offender, the trial court could not enhance the sentence. And because the trial court improperly sentenced the defendant as a persistent offender, we hold that a manifest injustice resulted. Therefore, we reverse the judgment as to the defendant's sentence on all three counts. We remand for sentencing by the trial court within the range of punishment for the class C felony of forgery, free of the sentence enhancement for a persistent offender.

The State initially charged the defendant by indictment in March 2006 with one count of forgery, in violation of section 570.090. Later the same month, the State issued an information in lieu of indictment. The information charged one count of forgery, and also alleged, in what the State denominated a "count," that the defendant was a prior and persistent offender by reason of seven previous felony convictions for forgery. The defendant admitted the prior– and persistent-offender allegations at his arraignment. The court then found beyond a reasonable doubt that the defendant was a prior and persistent offender, and entered its order to that effect.

After the court entered that order, the State filed a new indictment in August 2007 for three counts of forgery. This second indictment contained no prior– or persistent-offender allegations. A jury found the defendant guilty on all three forgery counts. The trial court sentenced the defendant as a persistent offender to enhanced sentences of ten years of imprisonment on each count, to be served concurrently. The defendant appeals.

■ The defendant claims the trial court plainly erred in sentencing him as a persistent offender. He argues that the court was not authorized to subject him to an enhanced sentence when the second indictment contained no persistent-offender allegation. The State counters that the second indictment did not supersede the portion of the information alleging persistent-offender status. The State further contends that even if the persistent-offender allegations were superseded, then the proper remedy is a remand for filing of a new information to conform to the record because the defendant suffered no prejudice.

■ The defendant concedes that his claim of error is not preserved for review because he failed to object at trial to his sentence, and he filed no motion for new trial. He asks that we review for plain error, which we may do at our discretion. Rule 30.20; *State v. Irby*, 254 S.W.3d 181, 192 (Mo.App. E.D.2008). We shall reverse only where a plain error affecting a substantial right results in manifest injustice or miscarriage of justice. *Id.* Plain errors are evident, obvious, and clear, and we determine whether such errors occurred based on the facts and circumstances of each case. *Id.* Where it appears that the trial court improperly sentenced the defendant as a prior or persistent offender, plain-error review is appropriate. *State v. Manley*, 223 S.W.3d 887, 892 (Mo.App. W.D.2007). A court may not impose a sentence which is in excess of that authorized by law. *Id.* at 893.

In the information, the State charged the defendant as a prior and persistent offender. A "prior offender" has pleaded

---

1. All statutory references are to RSMo. (Supp. 2008) except as otherwise indicated.

guilty to or been found guilty of one felony while a "persistent offender" is a defendant who has pleaded guilty or been found guilty of two or more felonies committed at different times. Section 558.016. The State must plead all essential facts in the information or indictment to warrant a finding that the defendant is a prior or persistent offender. Section 558.021.1 RSMo. (2000). The facts must be pleaded, established, and found before the court submits the case to the jury. Section 558.021.2 RSMo. (2000). If the court finds that a defendant is a prior or persistent offender, then the judge sentences the defendant rather than allowing the jury to recommend a sentence. Section 557.036.4(2). Where the court determines that a defendant is a persistent offender, the defendant becomes subject to a greater maximum term of imprisonment. Section 558.016.7.

The procedural requirements regarding pleading, evidence, and submission of the prior-and-persistent-offender allegations ensure due process before subjecting a defendant to enhanced punishment. *State v. White,* 710 S.W.2d 934, 936 (Mo.App. E.D.1986). For this reason, we have no rule of criminal procedure comparable to the automatic amendment provision of Rule 55.33(b), which is applicable in the civil context. *Id.* Rule 55.33(b) provides in relevant part that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Therefore, the fact that the parties at trial proceeded as if the persistent-offender allegation had been pleaded is of no consequence.

■ Further, when two indictments for the same offense, or two indictments for the same matter although charged as different offenses, are pending against the same defendant, the second indictment suspends the first, and the first indictment shall be quashed. Section 545.110 RSMo. (2000). This statute applies to informations as well as indictments. *State v. Reichenbacher,* 673 S.W.2d 837, 838 (Mo.App. E.D.1984). Likewise, Rule 23.10(b) provides that the indictment or information last filed shall supersede all indictments or informations previously filed for the same offense in the same county.

Therefore, given this statute and rule, the second indictment under which the State tried the defendant superseded the information that charged him as a prior and persistent offender, and the information with its prior– and-persistent-offender allegations was quashed. Section 545.110 RSMo. (2000); Rule 23.10(b). Consequently, the court's persistent-offender finding based on the quashed information became a nullity. *See White,* 710 S.W.2d at 936.

In *White,* the State charged the defendant as a prior offender due to one previous robbery conviction. *Id.* at 935. The State in *White* never charged the defendant as a persistent offender. *Id.* The trial court, however, found the defendant to be a persistent offender by reason of three previous robbery convictions, and sentenced him accordingly. *Id.* The trial court in that case made its finding in contravention of the prerequisite of section 558.021.1 that the indictment or information plead all essential facts to warrant finding that the defendant is a persistent offender. *Id.* at 936. This Court held that absent any amendment to the information to charge the defendant as a persistent offender, the court's persistent-offender finding was a nullity. *Id.*

■ In this case, we find that a manifest injustice occurred. Without a persistent-offender finding, the defendant would have been subject to a maximum sentence

of seven years of imprisonment on each class C felony charge of forgery. Section 558.011.1. With the persistent-offender enhancement, however, the defendant received a sentence of ten years' imprisonment on each charge.[2] In sum, the trial court sentenced the defendant to a greater sentence as a persistent offender even though the finding on which the court based its sentence had become a nullity.

The State argues that the second indictment did not supersede the information in its entirety. The State cites *McGaughy v. State*, arguing that the statute and rule governing superseding indictments can be interpreted to support a finding that the second indictment in this case did not eliminate the persistent-offender allegations contained in the information. 128 S.W.3d 857 (Mo.App. W.D.2004). *McGaughy* is readily distinguishable. In that case, the State issued several amended informations revising the language of specific counts. *Id.* at 858–59. The Court of Appeals found that the amended informations never charged the defendant with the "same offense" or the "same matter" as mentioned in section 545.110.[3] *Id.* at 860–61. Thus, the *McGaughy* Court held, the last-filed information amending counts one and two did not suspend or quash the previously filed information amending count three. *Id.* at 859, 861.

Here, in contrast, the State did not file amended indictments or informations revising the language of specific counts. Rather, the State filed a new indictment charging the original and two additional forgery counts and deleting the persistent-offender allegations. From the form and substance of the second indictment, we conclude that the second indictment was not an amendment of a specific count as in the *McGaughy* case, but rather was a new indictment meant to supersede the previously filed information in full. The indictment or information *must* plead all essential facts warranting a finding that the defendant is a persistent offender. Section 558.021.1(1) RSMo. (2000)(emphasis added); *White*, 710 S.W.2d at 936. Absent a corresponding modification to the information, the persistent-offender finding in this case became a nullity. *See id.*

■ Having concluded that the second indictment superseded the information, the State urges us to remand the case. It argues that the proper remedy is to file an information in lieu of indictment, conforming to the record and pleading that the defendant is a persistent offender. The State argues that the defendant suffered no prejudice because he had notice of the persistent-offender allegations, he had the opportunity to challenge them, and the court found prior– and persistent-offender status well before submission of the case to the jury. We cannot do as the State urges.

■ First, the plain language of section 558.021.2 requires the State to plead all essential elements and to present evidence of prior– or persistent-offender status before the court submits the case to the jury. *See State v. Teer*, 275 S.W.3d 258, 261 (Mo. banc 2009). The timing requirement is mandatory. *Id.* To allow the State to file a

**2.** As a persistent offender convicted of a class C felony, a defendant becomes subject to a sentence of five to fifteen years, which is the sentence authorized for a class B felony. Sections 558.011.1 and 558.016.7.

**3.** Section 545.110 RSMo. (2000) provides that "[i]f there be at any time pending against the

same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed."

new information in lieu of indictment now, after the jury has rendered its verdict, would violate the mandate of section 558.021.2. *See State v. Emery*, 95 S.W.3d 98, 101 (Mo. banc 2003) (allowing State now to present evidence of alleged prior– and persistent-offender status would violate timing requirements of section 558.021.2).

Second, in Missouri, the legislature chose to have habitual offenders adjudicated as such pursuant to pleading, proof beyond a reasonable doubt, and findings rather than by some less formal mechanism. But, because of due-process concerns, we have no rule of criminal procedure comparable to Rule 55.33(b), which is available in civil cases to automatically amend the pleadings to conform to the evidence at trial. *White*, 710 S.W.2d at 936. The lack of a comparable criminal rule suggests that a post-trial amendment would violate due process.

Finally, despite the State's contentions to the contrary, the defendant was prejudiced because he received greater sentences due to the court's persistent-offender finding. The trial court sentenced the defendant to ten years on each count when, without the persistent-offender enhancement, the defendant would have been subject to a maximum of seven years' imprisonment on each charge.

■ We hold that the second indictment suspended the information in lieu of indictment in its entirety, and that the information was quashed. Section 545.110 RSMo. (2000). Thus, the trial-court finding of prior– and persistent-offender status based on the quashed information became a nullity, and could not support the defendant's enhanced sentence. The judgment

as to the defendant's sentences is vacated, and we remand the case for resentencing. The defendant acknowledges that he waived jury-recommended sentencing.[4] On remand, the trial court shall impose sentence for three counts of forgery, free of the sentence enhancement for a persistent offender.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.

---

4. When, as here, a defendant allows the judge to determine the sentence without raising his statutory right to a jury-recommended sentence, the defendant waives his right. *Emery*, 95 S.W.3d at 102.