

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100830-01 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| ARIZONA HALL, JR., | ) | Honorable Michael K. Mullen |
| | ) | |
| Appellant. | ) | Filed: September 8, 2015 |

### *Introduction*

Defendant Arizona Hall appeals pro se from a judgment entered by the Circuit Court of the City of St. Louis entered after a bench trial convicting him of four counts of unlawful possession of a firearm by a convicted felon. Defendant claims the trial court erred in: (1) finding him guilty under Section 571.070, RSMo 2000, because the federal Gun Control Act (GCA) preempts state law; and (2) sentencing him as a prior offender. We affirm the convictions and remand for resentencing.[1]

### *Factual and Procedural Background*

On September 17, 2010, Officers Justin Ries and Marcus Alston drove to Defendant's house to execute a warrant for Defendant's arrest. Defendant answered the door, but he refused to step outside the door or allow the officers to enter. Defendant's guest allowed the officers

---

[1] Defendant's "Second Motion Challenging the Jurisdiction of This Court Under Rules 30.20 and 84.13(c)," which was taken with the case, is denied.

entry to the house and, while they were searching for Defendant, the officers discovered two twelve-gauge shotguns, a 22-caliber rifle, and a 243-caliber rifle.

The State of Missouri charged Movant with four counts of unlawful possession of a firearm. The indictment alleged that, in November 1987, Defendant "was convicted of the felony of Assault in the 1st Degree and Armed Criminal Action" and that, on September 17, 2010, he knowingly possessed four firearms in violation of Section 571.070.[2] The indictment did not allege that Defendant was a persistent offender.

Prior to trial, defense counsel filed motions to dismiss and to suppress, and Defendant filed numerous pro se motions, including a "motion of objection for lack of jurisdiction and motion to dismiss." In this motion, Defendant argued that the State improperly based the felon-in-possession charges upon his November 1987 conviction because he was "released from confinement in the year 2000, and completed successfully a term of parole where he was given a certified certificate from the Missouri Board of Probation and Parole restoring all his rights." Defendant also filed a pro se "motion to dismiss all charges and indictments," arguing that, at the time of his 1987 conviction, Section 571.070 did not prohibit him from owning a firearm and "retroactive application of said law repealed in 2008 . . . violates the ex post facto clause of the United States Constitution . . . ."[3]

---

[2] "A person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and [s]uch person has been convicted of a felony under the laws of this state . . . ." Mo. Rev. Stat. § 571.070.1(1).

[3] Section 571.070 in effect at the time made it a crime for a person convicted of a "dangerous felony" to possess a concealable firearm. State v. Honeycutt, 421 S.W.3d 410, 413 (Mo. banc 2013). "The legislature amended § 571.070 in 2008 to make it a crime for a person convicted of any felony to possess any firearm." Id. (emphasis omitted). In Honeycutt, the Supreme Court held that Section 571.070 violates neither the ex post facto law provision of the Missouri Constitution nor the constitutional prohibition against laws "retrospective in their operation." Id. at 426.

On December 2, 2013, the trial court heard arguments on Defendant's motions to dismiss and to suppress evidence and conducted a bench trial on the four counts of unlawful possession of a firearm. During trial, Defendant stipulated to his status as a prior and persistent offender. The trial court denied Defendant's pretrial motions, found Defendant guilty of all four counts, and proceeded to sentencing.

The trial court sentenced Defendant to concurrent terms of ten years' imprisonment on each count. After the trial court announced Defendant's sentence, Defendant asked, "You refer to ten years. And the maximum on the [felony] C is one to seven; correct?" The trial court explained:

> [Y]ou were found to be a prior and persistent so that changed the range of punishment that was available to me, so it was – the top end goes up to the be similar to a B offense. So it changes the top end of what was a Class C felony to that of a B felony, which is 5 to 15; do you understand that?

Defendant affirmed his understanding that his prior convictions subjected him to longer terms of imprisonment. Defendant appeals.

## Discussion

Defendant argues for the first time on appeal that the Supremacy Clause of the United States Constitution requires that the GCA preempts Section 570.070. More specifically, Movant contends that 18 U.S.C. § 921(a)(20) of the GCA "supersedes" Section 571.070 and exempts him from the prohibition on possessing firearms because Missouri had restored his civil rights. The State counters that "the felon in possession statute has no applicability to Defendant's case, and the record does not show that Defendant's civil rights were restored so as to permit him to possess a firearm."

To preserve a constitutional question for review, a defendant must raise the issue at the first opportunity and specifically identify the sections of the Constitution allegedly violated.

3

State ex rel. Nixon v. McClure, 969 S.W.2d 801, 803 (Mo. banc 1998). Based on our review of the record, Defendant neither referred to the concept of preemption nor directed the trial court's attention to the federal statute. Because Defendant did not raise this issue before the trial court, it is not preserved.

Defendant requests plain error review pursuant to Rule 30.20, which provides: "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Plain error review involves a two-step process in which we first examine the record to determine "whether the trial court committed plain error, which is error that is evident, obvious, and clear." State v. Floyd, 347 S.W.3d 115, 123-24 (Mo.App.E.D. 2011) (quotation omitted). "If we so conclude, we may then proceed to the second step of the analysis to consider whether manifest injustice or a miscarriage of justice actually resulted from the error." Id. (quotation omitted).

"In determining if a federal statute preempts a state cause of action, the purpose of Congress in enacting the federal statute is the ultimate touchstone." State v. Diaz-Rey, 397 S.W.3d 5, 8 (Mo.App.E.D. 2013) (quoting Connelly v. Iolab Corp., 927 S.W.2d 848, 851 (Mo. banc 1996)). "A federal law will preempt state law only when it is the clear and manifest purpose of Congress to do so." Id. (quoting State ex rel. Proctor v. Messina, 320 S.W.3d 145, 148 (Mo. banc 2010)). "To determine whether state law is preempted by a federal statute, we examine the text and structure of the federal statute." Id.

Defendant asserts that Sections 922(g) and 921(a)(2) of the GCA preempt Section 571.070. Section 922(g)(1) prohibits from possessing a firearm any person "who has been

4

convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."

18 U.S.C. 922(g)(1). In its definition of "conviction," the GCA provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored* shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C.A. § 921(a)(20) (emphasis added). The GCA limits the preemptive effect of its provisions to situations of "direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together." 18 U.S.C. § 927.

The State charged Defendant with four counts of violating Section 571.070.1(1), which "provides that a person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and that person has been convicted of any felony under the laws of this state." State v. Honeycutt, 421 S.W.3d 410, 413 (Mo. banc 2013). Unlike the GCA, Section 571.070 does not exempt those convicted of felonies whose civil rights have been restored.

Defendant cited no authority in support of the proposition that Congress intended the GCA to preempt state felon-in-possession laws. Furthermore, Defendant failed to demonstrate that his 1987 conviction would qualify for the "civil rights restored" exemption of 18 U.S.C. § 921(a)(20). Defendant neither presented evidence that Missouri substantially restored his civil rights nor identified a statute that permitted him to possess firearms.[4] Based on our review, we conclude that the record reveals no evident, obvious, and clear error.

---

[4] In support of his claim that Missouri restored his civil rights, Defendant presented a notice of election. Missouri automatically restores a convicted individual's right to vote upon his or her release from confinement. Mo. Rev. Stat. § 561.026(1). Restoration of the right to vote does not

Having found no evident, obvious, and clear error, the first prong of Defendant's plain error claim fails, and our inquiry ends. State v. Lane, 415 S.W.3d 740, 757 (Mo.App.S.D. 2013). The trial court did not plainly err in entering judgments of conviction on the charges of unlawful possession of a firearm. Point denied.

Defendant also argues in his brief that "he did not receive notice by indictment according to Rule 23.01(b)(2) that he is a persistent offender and the trial judge had no authority to sentence him to ten years as a persistent offender." The State concedes that, because it did not charge Defendant as a persistent offender, "the trial court erred in sentencing him as a persistent offender."

Where the State files an indictment that fails to charge a defendant as a persistent offender, the trial court may not enhance the sentence. State v. Nesbitt, 299 S.W.3d 26, 28 (Mo.App.E.D. 2009). Unlawful possession of a firearm is a class C felony. Mo. Rev. Stat. § 571.070.2. The authorized term of imprisonment for unlawful possession of a firearm is not to exceed seven years. Mo Rev. Stat. § 558.011.1(3). Here, the trial court applied the persistent-offender enhancement and sentenced Defendant to concurrent terms of ten years' imprisonment. Because the trial court improperly sentenced Defendant to a greater term of imprisonment as a persistent offender, Defendant suffered a manifest injustice. See e.g., Nesbitt, 299 S.W.3d at 29-30. We therefore reverse the judgment as to Defendant's sentence on all four counts and remand for sentencing by the trial court within the range of punishment for the class C felony of unlawful possession of a firearm, without the sentence enhancement for a persistent offender.

---

demonstrate that Missouri substantially restored Defendant's civil rights. See, e.g., Presley v. United States, 851 F.2d 1052, 1053 (8th Cir. 1988).

*Conclusion*

The judgment as to Defendant's sentences is vacated, and we remand the case for resentencing.

 

 

Patricia L. Cohen, Judge

Sherri B. Sullivan, P.J., and
Kurt S. Odenwald, J., concur.