Lisa White Hardwick, Judge
The State appeals the dismissal of a misdemeanor charge against Helen Fanning for violation of the compulsory school attendance law. The State argues that the circuit court erred in finding that Section 167.031.1, RSMo 2016,[1] is ambiguous as to whether a parent's failure to cause a child between the ages of seven and sixteen to regularly attend school constitutes a misdemeanor under Section 167.061. Because we find that the plain language of Sections 167.031.1 and 167.061 unambiguously criminalizes such conduct, we reverse the circuit court's dismissal and remand the case.
FACTUAL AND PROCEDURAL HISTORY
In 2017, the State charged Fanning with violating the compulsory school attendance law, Sections 167.031 and 167.061, by failing to cause her son to attend a required academic program on a regular basis. The State alleged in its probable cause statement that Fanning's son, who was thirteen years old at the time, was habitually absent *451 or tardy from his middle school and had an attendance rate of 82%.
Fanning filed a motion to dismiss for failure to charge an offense. In her motion, she alleged that the plain language of Sections 167.031 and 167.061 criminalizes only a parent's failure to cause a child between the ages of five and seven to attend school regularly and does not criminalize a parent's failure to cause a child who is between the ages seven and the district's compulsory attendance age, which is sixteen, to attend school regularly.
The court held a hearing on Fanning's motion. Fanning reiterated her argument that the plain language of Sections 167.031 and 167.061 criminalizes only nonattendance by children between the ages of five and seven. Alternatively, she argued that the statutes are ambiguous and, pursuant to the rule of lenity, should be construed in her favor. Following the hearing, the court agreed with Fanning and found that the statutes are ambiguous and should be construed in her favor. Therefore, the court dismissed the information for failure to charge an offense. The State appeals.
STANDARD OF REVIEW
In reviewing the sufficiency of an information, we consider whether the information:
(1) properly advise[d] the defendant of the nature and cause of the accusation against him; (2) consist[ed] of a plain, concise and definite written statement of the essential facts constituting the offense charged; (3) state[d] facts which constitute the offense charged with reasonable certainty; and (4) ma[d]e the averments so clear and distinct that there could be no difficulty in determining what evidence would be admissible under them.
State v. Fernow , 328 S.W.3d 429, 430 (Mo. App. 2010) (citation omitted). In her motion to dismiss, Fanning did not contest the language per se of the misdemeanor information. Instead, she argued that that statutes cited in the information were not intended to define a criminal offense. Hence, the issue before us is one of statutory interpretation. Statutory interpretation is an issue of law, which we review de novo. State v. Jacobson , 526 S.W.3d 228, 232 (Mo. App. 2017).
ANALYSIS
In its sole point on appeal, the State contends the circuit court erred in dismissing the information on the basis that the State failed to charge an offense. The State argues that it alleged facts constituting a violation of a provision of Section 167.031, and the plain language of Section 167.061 criminalizes noncompliance with that provision.
The goal of statutory interpretation is to ascertain the legislature's intent from the language used and to give effect to that intent if possible. State v. Jones , 479 S.W.3d 100, 106 (Mo. banc 2016). In doing so, we accord the language its plain and ordinary meaning, and where the language is clear, we must give effect to the language as written. State v. Baldwin , 484 S.W.3d 894, 897 (Mo. App. 2016). We presume "the legislature intended every word, clause, sentence, and provision of a statute to have effect and did not insert superfluous language into the statute." Frye v. Levy , 440 S.W.3d 405, 420 (Mo. banc 2014). We also presume "that all statutes relating to the same subject matter are in pari materia and are intended to be construed together, consistently and harmoniously." K.H. v. State , 403 S.W.3d 720, 722 (Mo. App. 2013). "The construction of statutes is not to be hyper-technical, but instead is to be reasonable and logical and [to] give meaning to the statutes." Frye, 440 S.W.3d at 420 (citation omitted). "[W]e avoid interpretations of statutes that lead to an unreasonable *452 or absurd result." Pitts v. Williams , 315 S.W.3d 755, 762 (Mo. App. 2010).
The two statutes at issue in this case are Sections 167.061 and 167.031. Section 167.061 states, in pertinent part: "Any parent, guardian, or other person having charge, control or custody of a child, who violates the provisions of section 167.031 is guilty of a class C misdemeanor." Section 167.031 is the compulsory school attendance law. It provides, in pertinent part:
1. Every parent, guardian or other person in this state having charge, control or custody of a child not enrolled in a public, private, parochial, parish school or full-time equivalent attendance in a combination of such schools and between the ages of seven years and the compulsory attendance age for the district is responsible for enrolling the child in a program of academic instruction which complies with subsection 2 of this section. Any parent, guardian or other person who enrolls a child between the ages of five and seven years in a public school program of academic instruction shall cause such child to attend the academic program on a regular basis, according to this section. Nonattendance by such child shall cause such parent, guardian or other responsible person to be in violation of the provisions of section 167.061, except as provided by this section. A parent, guardian or other person in this state having charge, control, or custody of a child between the ages of seven years of age and the compulsory attendance age for the district shall cause the child to attend regularly some public, private, parochial, parish, home school or a combination of such schools not less than the entire school term of the school which the child attends; except that:
[lists exceptions that are not applicable here].
§ 167.031.1.
Looking at the statute's language, the first sentence of Section 167.031.1 requires the parent[2] of a child who is between the ages of seven and the district's compulsory attendance age, which is sixteen, to enroll the child full-time in a public, private, parochial, or parish school. The second sentence of Section 167.031.1 requires the parent who has enrolled a child between the ages of five and seven in a public school to cause the child to attend school on a regular basis. The third sentence refers back to the second sentence and provides that nonattendance by such child (the five- or seven-year-old who is enrolled in public school) shall cause the parent to be in violation of Section 167.061. The fourth sentence of Section 167.031.1 requires the parent of a child who is between the ages of seven and sixteen to cause the child to regularly attend a public, private, parochial, parish, or home school, unless an exception applies.
The State's information charged a violation of the fourth sentence of Section 167.031.1, as the State alleged that Fanning's son was thirteen years old and was not regularly attending school. Fanning argues, however, that a violation of this provision of Section 167.031.1 should not constitute a crime under Section 167.061 because of the presence of the third sentence in Section 167.031.1, which specifies that a violation of the provision in the second sentence-the failure to cause a child between the ages of five and seven who is enrolled in a public school to attend regularly-is a crime under Section 167.061. Fanning insists that sentence three of Section 167.031.1 criminalizes a violation of the provision in sentence two *453 and, as such, conflicts with Section 167.061, which criminalizes a violation of the provisions of Section 167.031. She argues that interpreting Section 167.061 as criminalizing all of the provisions of Section 167.031.1 would render the third sentence of Section 167.031.1 superfluous. Thus, Fanning asserts that, because the third sentence of Section 167.031.1 cannot be reconciled with Section 167.061, Section 167.031.1 is ambiguous and triggers the application of the rule of lenity. We disagree.
The plain language of Section 167.061 criminalizes a violation of "the provisions of section 167.031." The fourth sentence of Section 167.031.1, which the State alleged applies to Fanning, is one such provision. Nothing in the language of Sections 167.061 or 167.031.1 indicates that any of the provisions of Section 167.031.1 are exempt from the criminalizing language of Section 167.061. Fanning's contention that, by including the third sentence of Section 167.031.1, the legislature expressed a conflicting intent to criminalize only a parent's failure to cause a child between the ages of five and seven to regularly attend school-and not to criminalize the failure to enroll a child between the ages of seven and sixteen in school or the failure to cause a child between the ages of seven and sixteen to regularly attend school-leads to an absurd result and would defeat the purpose of the compulsory school attendance law.
The only way to avoid such an absurd result and to harmonize Sections 167.061 and 167.031.1 is to find that Section 167.061, as its plain language indicates, criminalizes all of the provisions of Section 167.031.1, and the presence of the third sentence in Section 167.031.1 has no effect on the criminalization of the other provisions in the statute. A reasonable interpretation of the third sentence of Section 167.031.1 is that it was intended to clarify that, even though a parent is not required to enroll a child in school until the child is seven years old, if a parent choses to enroll a child between the ages of five and seven in a public school, the child must regularly attend or the parent will be subject to Section 167.061 's criminal penalty. While we recognize that criminal statutes such as these are to be strictly construed against the State, "[t]he rule of strict construction does not require that the court ignore either common sense or evident statutory purpose." State v. Hobokin , 768 S.W.2d 76, 77 (Mo. banc 1989). Common sense and the statutes' evident purpose indicate that the legislature intended to criminalize a violation of all of the provisions of Section 167.031.1.
Our interpretation is confirmed by the statutory history of Section 167.031.1. That history indicates that the second and third sentences of the statute did not appear until 1990. Compare § 167.031.1, RSMo 1986and § 167.031.1, RSMo Cum. Supp. 1990. Prior to 1990, Section 167.031.1 contained only the provisions in the current version's first sentence, which mandates enrollment of a child between the ages of seven and sixteen, and the current version's fourth sentence, which mandates regular attendance of a child between the ages of seven and sixteen. Compare § 167.031.1, RSMo 1986, and § 167.031.1. Prior to 1990, Section 167.061 stated-as it does today-that any parent or guardian "who violates the provisions of section 167.031 is guilty of a class C misdemeanor." § 167.061, RSMo 1986.
Thus, prior to 1990, the legislature clearly intended that Section 167.061 criminalize a violation of the provisions that are now contained in the first and fourth sentences of the current version of Section 167.031.1. It is unreasonable to think that, when the legislature decided, in 1990, to amend Section 167.031.1 to add a provision requiring the regular attendance of a child *454 between the ages of five and seven enrolled in a public school and to specify that the nonattendance of such child is a crime, the legislature also intended to decriminalize the nonattendance of a child between the ages of seven and sixteen. Such an interpretation defies common sense.
The State's information alleged that Fanning failed to cause her thirteen-year-old son to regularly attend school. This conduct constitutes a violation of Section 167.031.1, which subjects Fanning to criminal penalty under Section 167.061. Therefore, the State's information was sufficient to charge an offense, and the circuit court erred in dismissing it. The State's point on appeal is granted.
CONCLUSION
The court's order dismissing the information is reversed, and the case is remanded.
All Concur.

All statutory references are to the Revised Statutes of Missouri 2016, unless otherwise indicated.

For the reader's ease, we will use the term "parent" to refer to "parent, guardian, or other person in this state having charge, control or custody of a child."