**STATE of Missouri, Respondent,**

v.

**Tony L. SANTONELLI, Appellant.**

No. 66249.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1996.

Application to Transfer Denied
Feb. 20, 1996.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for respondent.

Before: REINHARD, P.J., KAROHL, J., and WHITE, Special Judge.

PER CURIAM.

Tony Santonelli appeals after conviction and sentencing for stealing third offense, § 570.040 RSMo1994 and as a prior and persistent offender, § 558.016 RSMo1994. We affirm.

Santonelli entered Dillards department store in the Galleria Mall in St. Louis County. While sitting in a wheelchair, he placed several sweaters in his lap, then exited the store. The store manager observed the theft. She immediately called security to report the incident. The police apprehended Santonelli. He initially was charged with stealing over $150. The state amended the information charging him with stealing third offense, § 570.040 RSMo1994 [1] and as a prior and persistent offender, § 558.016 RSMo Cum.Supp.1992. Santonelli represented himself at trial. However, he did not testify. The court sentenced him as a prior and persistent offender to twenty years imprisonment.

■ Santonelli contends the trial court plainly erred in failing to declare a mistrial *sua sponte* during the prosecutor's closing arguments because she urged the jury to "send a message" and personalized her argument. Since Santonelli did not object to the argument, we are limited to plain error review under Rule 30.20. We will reverse if the trial court's decision impacted the defen-

dant's rights and caused manifest injustice or miscarriage of justice. Rule 30.20; *State v. Plummer*, 860 S.W.2d 340, 349 (Mo.App.E.D. 1993). Assertions of plain error relating to matters in closing argument are rarely grounds for relief. *Id.*

Santonelli challenges the prosecutor's rebuttal argument below:

[Santonelli] was stealing. Now, you as jurors, you set the standards for the community. You can *send a message* out to the community that stealing for whatever reason is wrong. The legislature put this law on the books, put felony stealing on the books. If [Santonelli] commits these various elements of crime, then he is guilty of the crime of stealing. Now, as standard-bearers for the community, we don't want to live in a community where any time somebody feels like it, or for whatever reason, he grabs something that belongs to somebody else and steals it. We don't live in a community where this type of act should be permitted, in a community where any time you feel like it you can steal. Then it results in chaos and anarchy. (Our emphasis).

■ The prosecutor's argument was a response to Santonelli's argument. The state may make general references to crime and its effect, if not punished. It may explain the legislature's intent in deterring crime by enacting criminal statutes. A prosecutor may ask the jury to "send a message" that criminal conduct is wrong and will not be tolerated. *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994). Generally, a prosecutor's "send a message" argument does not incite the passions of the jury. *Id.* Further, the state may argue the prevalence of crime in the community, the personal safety of citizens, and the jury's duty to uphold the law and prevent crime. *Plummer*, 860 S.W.2d at 350.

■ Santonelli also challenges prosecutor's personalization to the jury. However, Santonelli invited the argument he now addresses. During his entire closing argument, he personally attacked the prosecutor and suggested she was dishonest. He accused

---

1. All references to statutes are to RSMo1994, unless otherwise indicated.

her of "lying by omission." He compared her to three former public officials who were charged with dishonest or criminal acts. The prosecutor responded to these accusations.

Ladies and gentlemen, before you stand somebody in the company of [the three named former government officials], and I obviously look like the personification, I am so determined. My career prosecuting today[,] a shoplifting case[,] really hinges on whether or not Mr. Santonelli goes to jail. That's how vicious I am. Well, I tell you one thing I am ambitious about. I am ambitious about putting criminals in jail.

\* \* \* \* \* \*

Now, if I am to be lumped, in [Santonelli's] mind, with prior people in government or law enforcement that have been unethical, then so be it. But I stand before you today doing my job, and I ask you as representatives of the community to find [Santonelli] guilty as charged.

■ An argument is considered "personalized" if it suggests personal danger to the juror or their families if the defendant is acquitted. *State v. Hamilton*, 847 S.W.2d 198, 200 (Mo.App.E.D.1993). Neither concerns are present here. The prosecutor merely responded to Santonelli's unfounded accusations of dishonesty and she argued her job required her to prosecute criminals. If anything, the response was subdued. A prosecutor may exceed normally recognized bounds of closing argument to retaliate on an issue raised by defendant in the closing argument. *Plummer*, 860 S.W.2d at 350; *State v. Hill*, 808 S.W.2d 882, 887 (Mo.App.1991). Point denied.

■ Santonelli's second and third points were written and argued pro se, but submitted by his attorney. He contends his two prior 1967 felony convictions were not available to enhance the charge under § 570.040 because the convictions were for robbery, not stealing. His factual premise is false. His

reliance on *State v. Jones*, 899 S.W.2d 126 (Mo.App.E.D.1995) is misplaced.

In *Jones*, we held the evidence did not support a conviction for stealing third offense because defendant's two prior robbery convictions did not constitute "stealing convictions" as required by § 570.040. *Jones*, 899 S.W.2d at 129. Section 570.040 states in part:

1. Every person who has been previously convicted of *stealing* two times, and is subsequently convicted of stealing is guilty of a class C felony and shall be punished accordingly. (Our emphasis).

Santonelli's two 1967 offenses were initially charged as robberies. However, these charges were reduced to stealing from a person. He pled guilty and was convicted of stealing from a person in each case. This factual difference renders the *Jones* opinion inapplicable.[2]

■ Santonelli also claims the 1967 offenses "occurred at the same time, at the same address, in the same room, charged at the same time, sentenced at the same time, prosecuted by the same circuit court." Although, Santonelli was charged with two stealing offenses that occurred on the same date, he was convicted and sentenced on two separate charges of stealing from a person. The requirements for charging under § 570.040 were thereby satisfied.

We affirm.

---

2. We note Santonelli's conviction for stealing third offense and as a prior and persistent offender do not run afoul with *State v. Dowdy*, 774 S.W.2d 504, 510 (Mo.App.1989). Santonelli's two prior 1967 convictions for stealing, used to enhance his sentence under § 570.040, are different from the two pleaded and proven prior convictions which qualified Santonelli as a persistent offender under § 558.016 RSMo Cum. Supp.1992. *See State v. Dowdy*, 774 S.W.2d 504, 510 (Mo.App.1989).