STATE of Missouri, Plaintiff–
Respondent,

v.

Michael Anthony SALAZAR, Jr.
Defendant–Appellant.

No. 21894.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 1998.

Motion for Rehearing and Transfer to
Supreme Court Denied Oct. 22, 1998

Application for Transfer Denied
Nov. 24, 1998.

Susan L. Hogan, Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for Respondent.

PREWITT, Presiding Judge.

Following jury trial, Defendant Michael Anthony Salazar, Jr. was convicted of two counts of murder in the first degree. Section 565.020.2, RSMo 1994. He was sentenced on both counts to life imprisonment without eligibility for probation or parole. Defendant appeals both convictions.

Defendant claims error by the trial court in overruling his motions for judgment of acquittal, in accepting the verdicts of guilty, and in sentencing him on both counts. He contends that the State's evidence was insufficient to support the jury's finding of guilty beyond a reasonable doubt in that the evidence failed to prove that he deliberated, or coolly reflected, on causing, aiding, or en-

couraging Brandon Hutchison in causing the deaths.

Because Defendant presented evidence in his own behalf after the State rested, he has waived any claim of error related to the denial of his motion for acquittal at the close of the State's case. Our review, therefore, is a consideration of whether the motion for acquittal made at the close of all the evidence should have been sustained. *State v. Purlee,* 839 S.W.2d 584, 587 (Mo.banc 1992).

In considering Defendant's contention that the evidence did not establish that he deliberated upon committing or aiding in the murders, "the evidence is viewed in the light most favorable to the state, affording to the state all reasonable favorable inferences and ignoring all contrary evidence and inferences." *State v. Greathouse,* 627 S.W.2d 592, 596 (Mo.1982). Review is limited to the determination as to whether there is sufficient evidence from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *State v. Clemons,* 946 S.W.2d 206, 216 (Mo.banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 416, 139 L.Ed.2d 318 (1997).

The elements of the offense of murder in the first degree are: (1) knowingly (2) causing the death of another person (3) after deliberation upon the matter. *State v. Morris,* 844 S.W.2d 549, 551 (Mo.App.1992); § 565.020.1, RSMo 1994. For accomplice liability to be found in cases of first-degree murder, "the jury must find that the defendant himself deliberated." *State v. Clemons,* 946 S.W.2d at 216. The term "deliberation" is defined as "cool reflection for any length of time no matter how brief." *State v. Stacy,* 913 S.W.2d 384, 386 (Mo.App.1996); § 565.002(3), RSMo 1994.

The evidence viewed in the light most favorable to the jury's verdict reveals the following. On New Years Eve, 1995, Defendant attended a party at a garage in Verona, Missouri. Shortly after 4:00 a.m. on the morning of January 1, 1996, Defendant, Hutchison, and the victims, Ronald Yates and Brian Yates, were the only people remaining at the party. The Yates were brothers. Defendant feared that Brian Yates was coming at him to attack him with a screwdriver, so Defendant shot him with a .25 caliber semi-automatic handgun until he went down. Ronald Yates then rose from his seat, and Defendant shot him until the gun was out of ammunition. The wounds inflicted upon the Yates brothers at that time were such that they could have survived. Defendant was sober throughout the relevant time period.

While the victims remained on the garage floor, Defendant and Hutchison entered the adjacent home of Freddy Lopez, the host of the party, and discussed what they should do. Lopez initially suggested they take the victims to a hospital. After their conversation, the three men went back to the garage, and Defendant drove Lopez's car around the front of the garage and backed it into the garage through the overhead doors. Defendant and Hutchison dragged the victims across the garage to the car and loaded them into the trunk. At the time the victims were put into the trunk, Defendant observed that one of the victims was alive, because he was trying to speak, and was kicking and trying to move. Before leaving the garage, Lopez instructed Defendant to go back into the house and retrieve a .22 caliber revolver and ammunition, which Defendant did.

With Hutchison driving, and the Yates brothers in the trunk, Defendant and Lopez rode in the car and left Verona along a northerly route on W Highway. This route avoided a police substation, and was not a route which would lead to a nearby hospital. After they drove about five or six miles, one or both of the brothers in the trunk began kicking against the back of the back seat. Hutchison then turned the car onto a farm road, drove a short distance, stopped and unlocked the trunk from the driver's seat. Hutchison got out of the car, and Defendant followed.

One brother was pulled from the trunk such that his head was exposed, and Hutchison shot him twice in the head with the .22 caliber pistol. Defendant leaned against the trunk while the victim was shot. Defendant and Hutchison pulled the first brother out of the trunk and threw him on the side of the road, then dragged the second brother from the trunk so that his head was exposed and Defendant observed Hutchison shooting him

in the head a number of times. Defendant and Hutchison then dragged the second brother from the trunk and threw him off the side of the road with the other victim. Both died as a result of the gun wounds in their heads.

Defendant, Hutchison and Lopez started to drive away, but returned to search the bodies for keys to the car the victims drove to the party. Not finding any keys, the three then drove north to Hoberg, where Defendant and Hutchison hid both the .25 and the .22 pistols near a bridge. They then went to the residence of an acquaintance in Hoberg, where Hutchison showered, and Defendant changed clothes. They made several phone calls from that residence, one of which was to Defendant's girlfriend in Yuma, Arizona. They then drove back to Verona, cleaned the garage and retrieved all personal items belonging to the victims, including the keys to the victims' car. Defendant removed the trunk carpeting from Lopez's car because there was blood on it.

Lopez then gave Defendant and Hutchison $300 in cash to facilitate their leaving the area. Defendant and Hutchison then drove the victims' car to Monett. Somewhere along that route, Defendant threw out the victims' belongings. Once they arrived in Monett, Defendant and Hutchison parked the car in an alley near the house of a friend. The friend provided them a ride to the Joplin bus station. Defendant purchased a one-way bus ticket to Yuma using a fictitious name. Approximately five days later, Defendant turned himself in to California authorities. Lawrence County Sheriff's Department investigators then went to Riverside, California, on January 6, 1996, to interview Defendant. The investigators met with Defendant in the Riverside County jail, resulting in a statement signed by Defendant by which he essentially provided the above-recited facts concerning the shooting and deaths of the Yates brothers.

Defendant had time to coolly reflect on the decision not to take the victims to the hospital. Defendant discussed with Hutchison and Lopez whether the victims should be taken to the hospital after Defendant initially shot them. The three men then dragged the victims across the floor of the garage and put them into the trunk of a car. Before driving away from the garage, Defendant retrieved a pistol and ammunition from the adjacent house. Once in the car, Defendant had time to coolly reflect on the situation. Defendant traveled in the car for five to six miles on country highways and farm roads, before sunrise, on a foggy morning. Deliberation is usually inferred from the circumstances surrounding the killing and may be strengthened by failure to seek aid for the victims. *State v. Barnes,* 740 S.W.2d 340, 344 (Mo. App.1987).

After Hutchison stopped the car, Defendant had time to reflect on his actions before pulling the victims from the trunk and standing by as Hutchison repeatedly shot the victims in the head at close range. "Deliberation may be inferred from multiple wounds." *State v. Stacy,* 913 S.W.2d at 386. This Court finds that the jury could reasonably find beyond a reasonable doubt, as it did, that Defendant deliberated prior to causing, aiding or encouraging the killing of Ronald Yates and Brian Yates. Point denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.