Kenneth DODDS, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 78601.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 25, 2001.

Douglas R. Hoff, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for respondent.

ROBERT G. DOWD, Jr., Judge.

Kenneth Dodds (Movant) appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. This case involves seven counts arising from four different cases. Movant contends the motion court erred in denying his motion because: (1) counsel failed to object to the State's use of the same prior offense both to elevate his stealing charge in Case No. 98CR–2483 from a Class A misdemeanor to a Class C felony and to enhance his range of punishment from a maximum of seven to twenty years; (2) counsel failed to object to the court accepting his guilty plea when the State failed to set forth the facts to be proven for stealing over $750 as to Case No. 98CR–4114; (3) counsel failed to object to the court sentencing Movant as a persistent offender in Case No. 98CR–6149 because the State never alleged or proved Movant was such; (4) Movant established by a preponderance of the evidence that the plea court accepted his guilty plea without a factual basis in that the State failed to set forth the facts to be proven for stealing over $750 as to Case No. 98CR–4114; (5) Movant established by a preponderance of the evidence that the plea court accepted Movant's guilty plea without a factual basis when the court sentenced Movant as a persistent offender in Case No. 98CR–6149; and (6) Movant established by a preponderance of the evidence that the State used the same prior offense both to elevate his stealing charge in Case No. 98CR–2483 from a Class A misdemeanor to a Class C felony and to enhance his range of punishment from a maximum of seven to twenty years. We grant Movant's points two and four and deny all other claims of error.

Movant was charged, as a persistent offender, Section 558.016, RSMo 2000,[1]

with seven counts arising from four different cases. Movant pleaded guilty to two counts of stealing over $750, Section 570.030, from Case Nos. 98CR–4114 and 99CR–1325;[2] two counts of stealing, third offense, Sections 570.030 and 570.540, from Case No. 98CR–2483; one count of making a false declaration, Section 575.060, from Case No. 98CR–2483; and two counts of possession of a controlled substance, Section 195.211, from Case No. 98CR–6149. Movant was subsequently sentenced to fifteen years' imprisonment on each possession and stealing charge and six months on the charge of making a false declaration. All sentences were to be served concurrently. Movant filed a timely *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence. Thereafter, Movant filed his First Amended Motion and Request for Evidentiary Hearing. After an evidentiary hearing, the motion court entered Findings of Fact and Conclusions of Law denying post-conviction relief. This appeal follows.

Appellate review of the denial of a post-conviction motion is limited to the determination of whether findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *State v. Cosby*, 976 S.W.2d 464, 468 (Mo.App. E.D.1998). Findings are clearly erroneous only if, after a review of the entire record, the reviewing court is left with a firm impression that a mistake has been made. *Cosby*, 976 S.W.2d at 468. To establish a violation of effective assistance of counsel, Movant must establish by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2)

Movant was prejudiced by ineffective assistance of counsel. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To prove prejudice, Movant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

In his first point, Movant contends the motion court erred in denying his post-conviction motion because counsel failed to object to the State's use of a prior stealing conviction both to elevate his stealing charge in Case No. 98CR–2483 from a Class A misdemeanor to a Class C felony as a prior and persistent offender and to enhance his range of punishment from a maximum of seven to twenty years. In a related claim, in his sixth point, Movant argues the motion court erred in denying his claim that the sentences imposed in Case No. 98CR–2483 exceeded the maximum allowed by law. We disagree.

Here, Movant's stealing third offenses from Case No. 98CR–2483 were upgraded to felony-class offenses by virtue of two prior stealing convictions: stealing over $150 in Case No. 931–3164 and stealing over $150 in Case No. 851–01614. The range of punishment for those stealing offenses was then also enhanced to that of a persistent offender by virtue of the two prior felony stealing convictions: stealing over $150 in Case No. 851–01614 and stealing over $150 in Case No. 465666. Thus, one of the prior convictions, stealing over in Case No. 851–01614, was used to double enhance the charged crimes.

The motion court did not make specific findings of fact and conclusions of law in

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. On appeal, Movant raises no claims of error with regard to his conviction and sentence in Case No. 99CR–1325.

denying Movant's claim regarding the double enhancement. In its findings of fact and conclusions of law, the motion court stated:

1. In a proceeding under Supreme Court Rule 24.035, movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. *Redeemer v. State*, 979 S.W.2d 565, 569 (Mo.App. W.D.2000).

2. Movant fails to establish by a preponderance of the evidence that he is entitled to the relief requested in his motion.

. . . .

10. Movant was not denied any rights under the provisions of the Missouri Constitution or the U.S. Constitution.

11. Movant failed to establish any basis in law to have his sentence vacated, set aside or corrected.

■■■ Generally, the motion court must issue specific findings of fact and conclusions of law when denying a post-conviction claim. *Crews v. State*, 7 S.W.3d 563, 567–68 (Mo.App. E.D.1999). However, we will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand. *Id.* at 568.

As a matter of law, Movant is not entitled to relief on this claim and suffered no prejudice. Under the plain language of the relevant enhancement statutes, Sections 570.040 and 558.016, a single prior conviction can be used to double enhance an offense. *State v. Ewanchen*, 799 S.W.2d 607, 609 (Mo. banc 1990).

Chapter 570 governs stealing and related offenses. Stealing, third offense, is a Class C felony. Section 570.040. When the offense is repeated, the sentence enhancing provisions of Section 577.040.2 are actuated. Section 577.040.2 provides in pertinent part:

For the purpose of this section, guilty pleas or findings of guilt in any state or federal court or in a municipal court of this state shall be considered by the court to be previous pleas or findings of guilt for the enhancement purposes of this section as long as:

(1) The defendant was either represented by counsel or knowingly waived counsel in writing; and

(2) The judge accepting the plea or making the findings was a licensed attorney at the time of the court proceedings.

Chapter 558 contains provisions relating generally to recidivism. Section 558.016 provides:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony . . . . to an extended term of imprisonment if it finds the defendant is a persistent offender . . . .

. . . . .

3. A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.

. . . . .

7. The total authorized maximum terms of imprisonment for a persistent offender . . . . are:

(3) For a class C felony, a term of years not to exceed twenty years.

Here, the issue raised by Movant was directly addressed by the Missouri Supreme Court in *Ewanchen*, where the Court found the persistent offender statute could be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony.

*Ewanchen*, 799 S.W.2d at 609. There, as here, the same prior convictions were used both to enhance the offense and to support the findings of prior and persistent offender so as to extend the range of punishment. *Id.* Therefore, the motion court did not err in denying Movant's claim.

■ Further, to establish a claim of ineffective assistance of counsel for failing to object, a Movant must show that the objection would have been meritorious and that the failure to object resulted in a substantial deprivation of Movant's right to a fair trial. *State v. Clemons*, 946 S.W.2d 206, 228 (Mo. banc 1997). The motion court's findings and conclusions were not clearly erroneous because Movant's claim is itself without merit, and counsel's failure to object did not result in a substantial deprivation of Movant's right to a fair trial. Points one and six are denied.

■ In his second point, Movant contends the motion court erred in denying his post-conviction motion because counsel failed to object to the court accepting his guilty plea when the State failed to set forth the facts to be proven for stealing over $750 as to Case No. 98CR–4114. In a related claim, in point four, Movant argues the motion court erred in denying his contention because the plea court accepted his guilty plea without a factual basis in that the State failed to set forth the facts to be proven for stealing over $750 as to Case No. 98CR–4114. We agree.

In Case No. 98CR–4114, Movant was charged with stealing over $750. When the charges were listed for Movant at the guilty plea hearing, however, the plea court identified the charges in Case No 98CR–4114 as "stealing third offense." When asked if he understood the range of punishment for the charged offenses, the charge in Case No. 98CR–4114 was again identified as "stealing third offense." The prosecutor stated in laying out the facts

that the State intended to prove in Case No. 98CR–4114 that the State would prove beyond a reasonable doubt that Movant "committed the Class C felony of stealing third offense" by showing Movant "appropriated 22 bracelets of a value at least $150."

The record shows and the State concedes that the charge in Case No. 98CR–4114 was not correctly identified as stealing over $750, and the State failed to prove the factual basis for the charge of stealing over $750. The motion court clearly erred in denying Movant's claims that counsel was ineffective for failing to object, and the plea court erred in accepting his plea of guilty without a factual basis. Thus, the portion of the motion court's judgment pertaining to Case No. 98CR–4114 is reversed. Pursuant to Rule 84.14, we enter the order the motion court should have entered and we vacate the conviction and sentence in Case No. 98CR–4114 and remand Case No. 98CR–4114 for further proceedings. Points two and four are granted.

■ In his third point, Movant argues the motion court erred in denying his post-conviction motion because counsel failed to object to the plea court sentencing Movant as a persistent offender in Case No. 98CR–6149 because the State never alleged or proved Movant was such. In a related claim, in his fifth point, Movant asserts the motion court erred in denying his claim that he was improperly sentenced as a persistent offender in Case No. 98CR–6149 because the State did not properly plead his persistent offender status in the information, and the State failed to prove that he was a persistent offender. We disagree.

■ Movant's challenge to the sufficiency of the information is not cognizable in a post-conviction relief proceeding.

A person who pleads guilty to a criminal offense has a right to challenge the sufficiency of the information or indictment by direct appeal. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 447 n. 4 (Mo. banc 1993). Here, Movant did not file a direct appeal. "A post-conviction motion does not substitute for a direct appeal." *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992). Matters that were or should have been raised on direct appeal are not subject to review by motion for post-conviction relief, except where fundamental fairness requires otherwise and in rare and exceptional circumstances. *Id.*

 Moreover, Movant's prior convictions were undisputed. The guilty plea and sentencing record show that Movant was considered to be a persistent offender. Furthermore, Movant admitted he had at least two prior felony convictions. Given the foregoing, counsel was not ineffective in failing to object. Further, Movant did not show that there was a reasonable probability that but for counsel's error, the result would have been different. *Hall*, 982 S.W.2d at 680.

In denying Movant's claim, the motion court found that Movant failed to question counsel during the post-conviction relief hearing and failed to overcome the presumption of competency of his attorney and, thus, was not entitled to relief. See *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996). We cannot say that the motion court's findings and conclusions are clearly erroneous. The motion court did not clearly err in denying Movant's post-conviction motion. Points three and five are denied.

The judgment of the motion court denying post-conviction relief is affirmed as to the convictions and sentences in Case Nos. 98CR–2483, 98CR–6149, and 99CR–1325. The portion of the motion court's judgment pertaining to Case No. 98CR–4114 is re-versed. Pursuant to Rule 84.14, we enter the order the motion court should have entered and vacate the conviction and sentence in Case No. 98CR–4114 and remand for further proceedings on that cause.

CRANDALL, P.J., and CRANE, J., concur.