Richard Dean FLOYD, Appellant,

v.

STATE of Missouri, Respondent.

No. 24595.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 2002.

Cinda J. Eichler, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Chief Judge.

Richard Dean Floyd (Movant) appeals from a judgment of the Circuit Court of Greene County denying, without an evidentiary hearing, his amended Rule 29.15 motion to vacate, set aside or correct a prior judgment and sentence for first degree murder, § 565.020.1 RSMo 1994.[1] In his criminal trial, Movant received a life sentence without the possibility of parole for the strangulation death of his wife. *See State v. Floyd*, 18 S.W.3d 126 (Mo. App.2000).

Movant's sole point on appeal asseverates that the trial court erred in dismissing his motion without an evidentiary hearing. He maintains he pled factual allegations not refuted by the record, which if proven, would warrant relief because he was prejudicially denied assistance of counsel during the course of his trial. In particular, he complains that he received ineffective assistance of counsel when his attorney failed to object or request a mistrial in response to the prosecutor's assumption of various facts not in evidence when three of his character witnesses were cross-examined. Rule 29.15(h)[2] states that an evidentiary hearing is not required when "the motion and the files and records of the case conclusively show that the movant is entitled to no relief . . . ." "No evidentiary hearing will be required unless the motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which movant complains must have resulted in prejudice." *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997); *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993).

The judgment of the motion court denying post-conviction relief will not be disturbed by this Court unless we determine that its finding and conclusions are clearly erroneous. *Salazar v. State*, 66 S.W.3d 755, 758 (Mo.App.2001); *Cardona–Rivera v. State*, 33 S.W.3d 625, 626 (Mo. App.2000). The motion court's ruling is determined to be clearly erroneous only if review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Salazar*, 66 S.W.3d at 758; *Sitton v. State*, 17 S.W.3d 917, 920 (Mo.App.2000).

In reviewing claims of ineffective assistance of counsel, the appellate court examines "whether appellant has established below that his counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that the defendant was thereby prejudiced." *Honeycutt v. State*, 54 S.W.3d 633, 639 (Mo.App.2001). In order to prevail on a claim of ineffective assistance of counsel, a movant must show: (1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced the defense. *See id.; Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Under the analysis set forth in *Strickland*, prejudice is shown where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Honeycutt*, 54 S.W.3d at 639–40 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Moore v. State*, 827 S.W.2d 213, 215 (Mo.

---

**1.** All statutory references are to RSMo 1994.

**2.** Rule references are to Missouri Court Rules 2002.

banc 1992) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). There is a strong presumption that trial counsel was competent. *Galindo v. State,* 30 S.W.3d 900, 902 (Mo.App.2000).

■ If it is easier to dispose of an ineffective assistance of counsel claim on the ground there was not sufficient prejudice, a court should follow that course. *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989). There is no reason for a court to address both components of the test if the Movant fails to make a sufficient finding on one. *Id.*

■ "[T]o establish a claim of ineffective assistance of counsel for failing to object, a Movant must show that the objection would have been meritorious and that the failure to object resulted in a *substantial* deprivation of Movant's right to a fair trial." *Dodds v. State,* 60 S.W.3d 1, 5 (Mo. App.2001) (emphasis added).

Movant argues that it is improper and prejudicial for a prosecutor to phrase questions on cross examination so as to assume facts which are not in evidence. He maintains there is a general requirement of fairness in cross-examination, and if there is no basis of fact for a question on cross-examination, it should not be asked. He cites *State v. Creason,* 847 S.W.2d 482 (Mo.App.1993), for the proposition that there are limits on a prosecutor's right of cross-examination and that a prosecutor crosses the line "when the questions are asked merely for the . . . purpose of going into collateral details." *Id.* at 486.

He points to the following colloquy on cross examination of one of his character witness by the prosecutor, where his trial counsel should have posed objections based on the prosecutor's illegal assumption of facts. Movant contends that had his trial counsel objected to the questions posed, such objections would have been meritorious, to-wit:

Elizabeth Bock [prosecutor]: Did you know that Mr. Floyd was unhappy in his marriage?

Mr. Wampler [defense counsel]: I'll object to the form of the question, Your Honor, did you know that, assuming that it is true. It's an improper question.

The Court: The objection will be sustained as to that form.

Prosecutor: You've testified that you observed Mr. Floyd and it was your opinion that he was very loving and attentive to his wife; is that correct?

Mr. James Robert Stalnaker [character witness]: Yes

Prosecutor: Would your opinion change if you knew that he was unhappy in his marriage and he'd told people he was unhappy in his marriage?

Witness: Based upon what I had observed, just in seeing Sherri and Richard together, no, that would not change my opinion.

Prosecutor: My question was, though, would your opinion change, not on your observations, but if you knew that he'd told people he was unhappy in his marriage, not ever having discussed that with him?

Witness: I never discussed that with him, and I never had any knowledge as to him being unhappy, so I—I can't say that would change my opinion of Richard.

Prosecutor: You've testified as you said, that he was attentive and kind to his wife. Would your opinion change if you knew that he had told people that he wanted a divorce?

Witness: No.

Prosecutor: Would your opinion change if you knew that he had told people he

was attracted to another woman at the Assemblies of God?

Witness: No.

Prosecutor: Would your opinion change if you knew that he'd told people that his wife did things that irritated him and that he was unsatisfied sexually in his marriage and that this irritated him?

Witness: Huh—uh.

Prosecutor: Would your opinion change if you knew that he'd told people that his wife spent too much money on knick-knacks?

Witness: No

Prosecutor: Would your opinion change if you knew that he'd told people that he was unhappy with his wife also because she didn't clean up the house the way he wanted?

Witness: No.

Movant also maintains that the prosecutor posed similar and improper cross-examination questions based on improper assumption of fact to another of Movant's character witnesses, Mr. Kirk Watson, in pertinent part as follows:

Prosecutor: And would your opinion of [Movant] change if you knew that he'd told people, in the last couple of years, that he was unhappy in his marriage?

Mr. Wampler [defense counsel]: Object to the form of the question, Your Honor.

The Court: The objection is sustained.

Prosecutor: So you never discussed his desire for a divorce with him?

Witness: Never.

Prosecutor: Or his unhappiness in his marriage?

Witness: No.

Prosecutor: And as a person that you knew well, he didn't tell you that his wife did things that irritated him?

Witness: No.

Prosecutor: And he didn't—you never discussed his personal—his personal life with him in that regard?

Witness: Never did.

Movant complains that his trial counsel also rendered ineffective assistance by failing to request a mistrial after the following exchange during the cross-examination of Dr. Kenneth Fattman, a psychiatrist:

Prosecutor: Would your opinion change if you knew he'd told Hal Davidson he wanted a divorce?

Mr. Wampler [defense counsel]: Objection to that as improper cross, Your Honor.

Prosecutor: It's character. He's opened the door, Your Honor.

The Court: The objection is sustained.

Movant contends that had his trial counsel moved for a mistrial following the exchange that the motion would have been sustained by the trial court because of the prejudice engendered by the question itself.

■ We note that prior to his cross-examination, Mr. James Stalnaker testified that Movant was "a very gentle, kind, quiet individual, meticulous." He also described Movant as a "perfect gentleman," a "[s]tickler for the rules" who was "very attentive to Sherri [his wife]." Likewise, Mr. Kirk Watson testified prior to cross-examination that Movant was "always very composed." He also stated he never heard Movant say anything derogatory about his wife or women in general. He had never seen Movant start a fight and that on their softball team he was always the "peace-maker."

■ There are cases that hold that facts of prior arrests or rumors of defendant's misconduct may be introduced in good faith to test the credibility of defendant's character witnesses. *State v. Zamora*, 809 S.W.2d 83, 85 (Mo.App.1991);

*State v. Reilly,* 674 S.W.2d 530, 532 (Mo. banc 1984). "Such cross-examination has as its purpose to test the trustworthiness, knowledge and good faith of the witness." *Creason,* 847 S.W.2d at 486. Furthermore, "[t]he prosecution is authorized to cross-examine a defense witness about alleged prior acts of misconduct on the part of the defendant if the state acts in good faith." *Brooks,* 960 S.W.2d at 494; *State v. Spencer,* 50 S.W.3d 869, 878 (Mo.App. 2001). "There is a general requirement of fairness in cross-examination, and if there is no reasonable basis on which to base such a cross-examination, it should not be made." *Creason,* 847 S.W.2d at 486. "The state cannot fabricate allegations or rely on alleged acts that are known never to have occurred." *Brooks,* 960 S.W.2d at 494. The court should presume the prosecutor has acted in good faith, unless there is evidence indicating otherwise. *Creason,* 847 S.W.2d at 487. Reputation and character evidence is admissible only after a defendant has put his or her own reputation at issue. *State v. Baker,* 23 S.W.3d 702, 712 (Mo.App.2000).

Movant did not testify at trial. As previously mentioned, the record shows that during the course of the criminal trial Movant presented testimony from numerous character witnesses as to his gentle, kind, and pious nature. The State argues that the prosecutor's questions were neither objectionable nor prejudicial. As proof that a reasonable basis existed for the cross-examination questions posed to Movant's character witnesses, the State points to the testimony presented by Dr. Harold Davidson during a pretrial motion.

Dr. Harold Davidson, a licensed counselor, had previously examined Movant. He testified that Movant had described sexual problems in his and his wife's relationship and that Movant had attractions to pretty women, about which Movant felt guilty.

Dr. Davidson further testified that Movant complained that his house was so cluttered after returning from the hospital that he could not walk through two of the rooms. Dr. Davidson also testified that Movant complained that his wife bought unnecessary knick-knacks and that they did not communicate with each other. Dr. Davidson testified that Movant had considered a divorce and had once asked his wife if they should be divorced, but did not want to take that action.

The information gained from Dr. Davidson during a pre-trial motion hearing, which was later used to cross-examine Mr. Stalnaker and Mr. Watson, provided the factual predicate necessary to test the trustworthiness, knowledge and good faith of the witnesses. *See State v. Siems,* 535 S.W.2d 261, 265 (Mo.App.1976); *see also Creason,* 847 S.W.2d at 487. Accordingly, there was a reasonable basis for the questions posed to Movant's character witnesses at trial. *See Siems,* 535 S.W.2d at 265. Counsel's failure to make a useless or meritless objections to the questions posed by the prosecutor during the cross-examination of Movant's character witnesses present no grounds supporting Movant's claim of ineffective assistance of counsel. *See State v. Clay,* 975 S.W.2d 121, 135 (Mo. banc 1998).

 Lastly, Movant maintains he received ineffective assistance of counsel because of failure to seek a mistrial after the trial court sustained an objection to a question directed to Dr. Fattman on cross-examination by the State. We find this contention meritless.

 "Mistrial is a drastic remedy reserved for the most extraordinary circumstances." *State v. Clemons,* 946 S.W.2d 206, 217 (Mo. banc 1997); *see State v. Johnson,* 901 S.W.2d 60, 62 (Mo. banc 1995). "Reversal is mandated where the failure to grant a mistrial resulted in a

denial of a fair trial." *Clemons,* 946 S.W.2d at 217. A decision whether to grant a mistrial is left to the sound discretion of the trial court because the trial court is in the best position to observe the impact of the problematic incident. *Id.; see State v. Parker,* 886 S.W.2d 908, 922 (Mo. banc 1994).

Here, it is our view that there was no basis for the granting of a mistrial following Dr. Fattman's cross-examination. The one question asked was not so prejudicial as to have denied Movant a fair trial, particularly considering the fact that the trial court promptly sustained defense counsel's objection. Movant's point is denied.

The judgment of the motion court is affirmed.

SHRUM, P.J., and MONTGOMERY, J. concur.