STATE of Missouri, Respondent,

v.

Teka HAYES, Appellant.

No. WD 71744.

Missouri Court of Appeals, Western District.

Jan. 25, 2011.

Melinda K. Pendergraph, Columbia, MO, for Appellant.

Richard A. Starnes, Jefferson City, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Teka Hayes appeals the circuit court's judgment convicting her of stealing third offense. In her sole point on appeal, she asserts that the circuit court plainly erred in sentencing her to six years imprisonment because she was subject to a "doubly enhanced punishment." In particular, she contends that the circuit court erroneously used the same convictions to establish both that she had two prior stealing convictions and that she was a persistent offender. She claims that this double enhancement of punishment violated her right to due process. We disagree and affirm the circuit court's judgment.

The sufficiency of the evidence is not at issue in this appeal. The evidence established that on August 18, 2008, Hayes took numerous items of clothing from J.C. Penney's, without J.C. Penney's consent and for the purpose of withholding it from J.C. Penney's permanently.

The State charged Hayes with felony stealing based upon Hayes's having at least two prior stealing convictions. The State alleged and established that Hayes had three prior stealing convictions: a stealing conviction in the Circuit Court of Cole County on November 24, 2003; a felony stealing conviction in the Circuit Court of Boone County on August 11, 2003; and a felony stealing conviction in the Circuit Court of Boone County on September 7, 1999. The State also used the two felony convictions in the Circuit Court of Boone County to allege and establish that Hayes was a persistent offender, which enhanced Hayes's punishment from that of a class D to a class C felony. A Cole County jury found Hayes guilty of stealing. The circuit court sentenced Hayes to six years in prison but suspended execution of the sentence and placed her on probation. Hayes appeals.

Hayes contends that the circuit court erroneously used the same convictions to establish both that she had two prior stealing convictions and that she was a persistent offender. Hayes concedes that she did not preserve this issue for our review but requests that we review her claim for plain error under Rule 30.20.

A review for plain error pursuant to Rule 30.20 involves a two-step analysis. *State v. Robinson,* 194 S.W.3d 379, 381 (Mo.App.2006). First, we must determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]'" *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995) (quoting Rule 30.20). We must decide "whether, on the face of the claim, plain error has, in fact, occurred." *State v. Dudley,* 51 S.W.3d 44, 53 (Mo.App.2001). "Plain errors are those that are evident, obvious and clear." *State v. Hawthorne,* 74 S.W.3d 826, 829 (Mo. App.2002). In the absence of evident, obvious, and clear error, this court should decline to exercise our discretion to review the claimed error under Rule 30.20. *Dudley,* 51 S.W.3d at 53. If, however, we find

plain error on the face of the claim, in our discretion, we may continue to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Id.* Hayes's claim does not facially establish substantial grounds for believing that she has been a victim of manifest injustice.

Pursuant to section 570.040.1, RSMo Cum.Supp.2005, stealing is a class D felony if the defendant has previously been found guilty of two prior stealing offenses committed at different times within ten years of the current offense. In this case, the State proved that Hayes had three prior stealing convictions within ten years of the current offense, thus satisfying the statute's requirements.

To prove that Hayes was a prior offender, the State had to prove that Hayes had at least one prior felony finding of guilt. § 558.016.2, RSMo Cum.Supp.2009. To prove that Hayes was a persistent offender, the State had to prove that Hayes had been found guilty of two prior felonies committed at different times. § 558.016.3, RSMo Cum.Supp.2009. The State established that Hayes pled guilty to two prior felony stealing offenses in Boone County. Therefore, the State also satisfied that statute's requirements.

Hayes argues, however, that the persistent offender finding was not proper because the same offenses used to establish that Hayes had two prior stealing convictions were used to support the persistent offender finding. In support of her contention, Hayes relies on *State v. Dowdy,* 774 S.W.2d 504 (Mo.App.1989). In *Dowdy,* this court's Southern District was faced with the issue of whether two prior steal-

ing convictions used to enhance a third stealing offense to a felony charge could also be used to establish the defendant's status as a persistent offender. *Id.* at 505. The Court held that where a "defendant is convicted of stealing and where the only prior convictions are two convictions for stealing, the enhancement penalty provided in section 570.040 is exclusive and [a] defendant may not be punished, on the basis of the same two prior convictions, as a persistent offender under § 558.016." *Id.* at 510. The Missouri Supreme Court, however, rejected the holding in *Dowdy* in *State v. Ewanchen,* 799 S.W.2d 607 (Mo. banc 1990).

In *Ewanchen,* the Court was faced with the issue of whether or not two prior driving while intoxicated convictions used to enhance a third driving while intoxicated offense to a felony charge could also be used to establish that the defendant's status as a persistent offender. *Id.* at 608–09. The *Ewanchen* court held that such double enhancement was permissible. *Id.* at 610. The Court noted that the circumstances in that case were "analogous" to those in *Dowdy,* but then rejected *Dowdy*'s position that the enhancement statutes must be deemed as producing "doubt about the severity of punishment" requiring a statutory construction that favored "a milder sentence over a harsher one." *Id.* at 609. The *Ewanchen* court held that the "plain language of the [enhancement] statutes permits application of both" enhancements based on the same underlying offenses. *Id.* at 609–10.

Since *Ewanchen,* the Southern District has recognized that *Ewanchen* effectively overruled *Dowdy.*[1] In *Self v. State,* 14

---

1. Hayes contends that courts have continued to follow *Dowdy* in regard to stealing related offenses even post-*Ewanchen.* In particular, Hayes cites *State v. Santonelli,* 914 S.W.2d 13 (Mo.App.1995). In *Santonelli,* the defen-

dant's two prior convictions for stealing used to enhance his sentence under section 570.040 were different from the two pleaded and proven prior convictions which qualified the defendant as a persistent offender under

S.W.3d 223 (Mo.App.2000), a case also permitting "double enhancement" under the driving while intoxicated enhancement statute, the Southern District stated that the Court "in *Ewanchen* disavowed the statutory construction rationale of *Dowdy*." *Id.* at 225. In *State v. Paxton*, 140 S.W.3d 226 (Mo.App.2004), the Southern District relied on *Ewanchen* to hold that the same prior conviction could be used to enhance a defendant's punishment for a second child molestation conviction under § 566.067 and to support a prior offender finding. *Id.* at 232. Moreover, this Court, while not explicitly commenting on *Dowdy*, has followed *Ewanchen* in the same driving while intoxicated context and has explicitly found *Ewanchen* to be "controlling." *Woods v. State*, 861 S.W.2d 577, 580–81 (Mo.App.1993).

Hayes dismisses *Ewanchen* by simply stating, "[t]his opinion was rendered in the context of intoxication-related traffic offenses." The difference between *Ewanchen* and Hayes's case, however, reveals no real distinction. Indeed, this court's Eastern District (in the context of a postconviction motion) has rejected the exact same argument Hayes raises here regarding section 570.040 to hold that "a single prior conviction can be used to double enhance an offense." *Dodds v. State*, 60 S.W.3d 1, 4 (Mo.App.2001). In *Dodds*, the court was faced with the issue of whether not his counsel was ineffective for failing to object when the State used "a prior stealing conviction both to elevate [the defendant's] stealing charge ... from a Class A misdemeanor to a Class C felony as a prior and persistent offender and to enhance his

range of punishment from a maximum of seven to twenty years." *Id.* at 3. The *Dodds* court noted that the issue raised by the movant "was *directly addressed* by the Missouri Supreme Court in *Ewanchen*, where the Court found the persistent offender statute could be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony." *Id.* at 4 (emphasis added). The *Dodds* court found that, in its case and just as was the case in *Ewanchen*, "the same prior convictions were used both to enhance the offense and to support the findings of prior and persistent offender so as to extend the range of punishment." *Id.* at 5. Therefore, the *Dodds* court concluded that the circuit court did not err in denying the movant's postconviction motion. *Id.*

The State presented sufficient evidence that Hayes had at least two prior stealing convictions and two prior felony convictions. Nothing in either section 575.040 or section 558.016 prevented the same convictions from being used both to enhance the stealing conviction and to establish Hayes's status as a persistent offender.

We, therefore, affirm the circuit court's judgment.

All concur.

---

section 558.016. *Id.* at 15 n. 2. In a footnote, the *Santonelli* court acknowledged, "We note Santonelli's conviction for stealing third offense and as a prior and persistent offender do not run afoul with *State v. Dowdy*, 774 S.W.2d 504, 510 (Mo.App.1989)." *Id.* The *Santonelli* court's statement that the defen-

dant's conviction did not "run afoul" with *Dowdy* was true but unnecessary given the Missouri Supreme Court's holding in *State v. Ewanchen*, 799 S.W.2d 607 (Mo. banc 1990), which the *Santonelli* court failed to acknowledge.